**George Arlen WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00250–CR.**

Court of Appeals of Texas, Dallas.

March 16, 1984.

John G. Tatum, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth Plagenhoef, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, GUILLOT and STEWART, JJ.

STEWART, Justice.

George Arlen Wilson appeals his conviction for the offense of indecency with a child and sentence of ten years' confinement. In three grounds of error, he challenges the court's refusal to try the issue of guilt before a jury and the sufficiency of the evidence. Because we agree that the court should have granted a jury trial, we reverse and remand the case for a new trial.

On November 8, 1982, appellant appeared with his attorney before a magistrate, waived trial by jury, waived arraignment, and entered a plea of nolo contendere. He was admonished, evidence was presented, and a finding of guilt based on the evidence and on the plea was entered. The case was then passed to November 24, and subsequently to December 10, for preparation of a pre-sentence report and the assessment of punishment.

On December 10, 1982, appellant appeared before the trial judge. Because the judge had reservations regarding the plea, he allowed appellant to withdraw his plea of nolo contendere and stated, "We will pick a date and we will have a jury trial..." Also on December 10, appellant signed a speedy trial waiver in which the case was passed to January 5, 1983, for a trial before the court without a jury.

The trial actually began on January 6, 1983, at which time the judge allowed appellant to withdraw the agreement to stipulate and the stipulated evidence. He then stated: "Since both sides have rested and closed, I will also now allow both sides to reopen and present such evidence as they wish and we will complete the trial before the court on the defendant's plea of not guilty." It was at this time that appellant made an objection to trial before the court and demanded a jury trial. He argued to the court that no written waiver of jury trial was filed except the one dated November 8, 1982, which would have become ineffective at the time appellant changed his plea to not guilty.

The judge rejected the demand and overruled appellant's objection stating that, at the time leave was granted to change the plea to not guilty, "it was made known to the court that [appellant] wished to have his case heard by the court without a jury." The judge held "in effect that we are now just simply resuming a trial before the court, albeit with a different plea than was first entered." He went on to say that he interpreted the statements made by appellant and his attorney, after leave to change appellant's plea was granted, to be reurging or ratifying the original waiver. He pointed out a notation on the speedy trial waiver which indicated that the case was passed for a trial by the court. Thus, he overruled the objection as untimely.

Appellant first contends that the trial court erred in overruling his objection to trial before the court and denying his demand for trial by jury. He urges his constitutional right to trial by jury guaranteed by the Sixth Amendment to the United States Constitution; Article 1, Section 15 of the Texas Constitution; and TEX.CODE CRIM.PROC.ANN. art. 1.12 (Vernon 1977). He cites one authority, *Collins v. State*, 642 S.W.2d 80 (Tex.App.—Fort Worth 1982, no writ), and argues that "[t]he right to trial by jury shall remain inviolate." Article 1.12; *Collins* at 83.

The State contends that, by his jury demand, appellant sought only to delay the trial. It urges that allowing the withdrawal of a plea of guilty is discretionary, *DeVary v. State*, 615 S.W.2d 739 (Tex.Cr.App. 1981), and that granting a continuance is also within the discretion of the court. *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr.App. 1977); *Thompson v. State*, 480 S.W.2d 624 (Tex.Cr.App.1972). The State argues that, because appellant did not initially request a change of plea, it was not necessary that the trial court formally withdraw the nolo contendere plea; it had jurisdiction to decide on appellant's guilt regardless of

whether the plea was formally withdrawn. The State asserts that timeliness, delay, and inconvenience are factors which have had an impact on other courts in determining whether a jury trial should have been granted following a withdrawal of a jury waiver. *See* Annot., 46 A.L.R.2d 919 (1956); *Collins v. State*, 642 S.W.2d 80. Consequently, because there was no attempt to withdraw the waiver of jury trial until the day of trial and because there had already been a complete proceeding adjudicating appellant's guilt, the State contends that appellant's objection to a trial before the court was properly overruled. We disagree.

Although the decision to allow withdrawal of a guilty plea after being adjudged guilty is within the trial court's discretion, the effect of the action is to grant a new trial. *Parker v. State*, 626 S.W.2d 738, 740 (Tex.Cr.App.1981). TEX. CODE CRIM.PROC.ANN. art. 40.08 (Vernon 1979) provides in part that the "effect of a new trial is to place the cause in the same position in which it was before any trial had taken place." The Court of Criminal Appeals in *Bullard v. State*, 548 S.W.2d 13, 20 (Tex.Cr.App.1977), recognized the rule that, where there has been a reversal of an entire case, the waiver of a jury on one trial generally does not affect the right to demand one on the second trial. In *Fairfield v. State*, 610 S.W.2d 771, 776 (Tex.Cr.App.1981), the court determined that a defendant's expressed desire to withdraw a guilty plea and to enter a plea of not guilty invokes the power of the jury to arbitrate the issue of guilt and acts as a revocation of defendant's waiver of trial by jury. It does not matter that appellant did not formally withdraw his plea or that the decision to allow a change of plea was within the discretion of the trial judge and was made only after appellant had been adjudged guilty. The mere entry of the change of plea to not guilty acted as a revocation of his prior jury waiver. *Parker* at 740. Accordingly, we hold that appellant had a right to trial by jury and that denial of this right requires reversal.

Appellant also claims that the evidence is insufficient to support his conviction because the complainant gave "various and different stories on many occasions concerning facts of sexual contact and sexual intercourse with a number of people including other members of her family." However, appellant's conclusion that complainant's testimony is insufficient to support the conviction is without merit. The complainant testified that on numerous occasions over the years her older brother, appellant, had performed oral sex on her, had her perform oral sex on him, had intercourse with her and had touched her breasts and vagina with his hands. Although there were some discrepancies in her testimony concerning her past sexual activity with others outside her family, her age when the sexual abuse by appellant began, and whether she had used speed or cocaine with appellant, some of the discrepancies were explained by her testimony that she had been afraid to tell all the truth before. From the evidence presented, all essential elements of the offense could be rationally found. *See Wilhoit v. State*, 638 S.W.2d 489, 494 (Tex.Cr.App.1982); *Brown v. State*, 576 S.W.2d 820 (Tex.Cr.App.1978). We hold that the evidence is sufficient to support the conviction.

Consequently, we reverse and remand this case for a new trial.