George Arlen WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 443–84.

Court of Criminal Appeals of Texas,
En banc.

Oct. 16, 1985.

John G. Tatum, Dallas, for appellant.

Henry Wade, Dist. Atty. and Ruth E. Plagenhoef and Michael R. Gillette, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW AND ON THE COURT'S OWN MOTION

WHITE, Judge.

Appellant was convicted, in a trial before the court, of the offense of indecency with a child. See V.T.C.A., Penal Code Sec. 21.11. The trial court assessed his punishment at 10 years' confinement in the Texas Department of Corrections.

Appellant argued, on appeal, that the evidence was insufficient to sustain his conviction, and further that he was deprived of a trial by jury.

The Dallas Court of Appeals found the evidence sufficient to uphold appellant's conviction. The Court of Appeals also held that the trial court's action in allowing the appellant to withdraw his plea of nolo contendere was equivalent to granting appellant a new trial. The Court of Appeals ruled that this revoked the appellant's prior waiver of trial by jury, which resulted in an unlawful denial of his right to trial by jury. *Wilson v. State,* 669 S.W.2d 792 (Tex.App. —5th Dist., 1984).

This Court granted the State's petition for discretionary review to examine the Court of Appeals' holding that the appellant's jury waiver was revoked when the trial court permitted appellant to change his plea. This Court also granted review, on its own motion, of the issue of the authority of a magistrate under Art. 1918c, V.A.C.S. We agree with the result reached by the Court of Appeals but not for the same reasons.

On November 8, 1982, appellant and counsel appeared before a magistrate to enter a plea to the charges against him. Appellant waived arraignment and his right to trial by jury. He then entered a plea of nolo contendere. The magistrate admonished appellant. The State introduced evidence in the form of an Agreement to Stipulate Evidence. The stipulation summarized the complaining witness' testimony against appellant.

The magistrate found the appellant guilty. The case was passed to November

24, and then again to December 10. The delay was for the preparation of a pre-sentence report and for the assessment of punishment by the district judge, who presides over the Criminal District Court in the instant case.

On December 10, appellant appeared before the Criminal District Court. At that time appellant waived his right to a speedy trial. The judge noted that appellant's presentence report reflected that appellant denied he committed the offense in the instant case. Appellant acknowledged that was so.

The following colloquy took place between the appellant and the court:

"THE COURT: I am going to let you withdraw your plea. We will pick a date and we will have a jury trial, Mr. Wilson.

"THE DEFENDANT: I hoped that would not happen, but—

"THE COURT: Well, let's get something clear. A person charged with a crime has a right to plead any way he wants to. Part of my job is to be sure that whatever your plea is, but most particularly if it is a plea of guilty or something that adds up to the same thing as no contest pleas generally do, that such a plea is freely and voluntarily entered and that a person who pleads guilty or no contest knows what they are doing and knows what the consequences are.

"Now, I am perfectly satisfied from all this not that you are not guilty—I am not saying that for one moment, Mr. Wilson. You may very well be guilty. I am perfectly satisfied that your plea of no contest was entered with all sorts of reservations, and as we used to say when we were children, with crossed fingers and king's X's and all of those things. I am not going to accept that kind of plea.

"Now, you may say, as I expect you are about to, 'Well, gee, I am not at all sure, Judge, I want a jury trial, either.' Well, if you are prepared to enter an unqualified plea of either guilty or no contest, then that is fine. You have a right to do that. But when you qualify it

and you tell Judge Ellis one thing and tell the Probation Department something that is completely inconsistent with that, I have the discretion to accept that, if I want to, or not to accept it, and I choose at this time, as they say, not to accept it. Your alternative then is to put twelve people in the jury box and they get to decide, Mr. Wilson, ..."

On January 6, 1983, appellant and his counsel appeared again before the Criminal District Court. Appellant, with the permission of the judge, withdrew his plea of nolo contendere and pled not guilty. Appellant demanded a jury trial and objected to proceeding otherwise. Appellant based his argument on the theory that changing his plea rendered his jury waiver void. The trial court overruled appellant's objection. The trial court explained that appellant, on December 10, 1982, made known that he wished to have his case heard by the court. The trial court emphasized that appellant, in his Speedy Trial Waiver, passed the case for a "Trial-Court." However, this was a notation made by the court. There is nothing in the record at this hearing to show that the appellant, either orally or in writing, waived his right to a jury trial. Appellant then waived the reading of the indictment and evidence was heard by the trial court and he was found guilty.

In reversing appellant's conviction, the Court of Appeals relied on *Parker v. State*, 626 S.W.2d 738 (Tex.Cr.App.1981), and *Fairfield v. State*, 610 S.W.2d 771 (Tex.Cr. App.1981). The Court of Appeals held that a change of a plea to not guilty revoked the prior jury waiver. The dictum in *Parker* (that permitting a withdrawal of a plea of guilty was, in effect, the granting of a new trial), cited by the Court of Appeals, is not supported by any citation of authority or any reasoning. We reject this reasoning as it is misleading.

The Court of Appeals misinterprets *Fairfield*. The defendant, in *Fairfield*, pled guilty before a jury. After both sides closed, the defendant moved "to set aside" his guilty plea and requested that the jury be instructed to acquit him. There was no

waiver of jury trial in *Fairfield.* This Court did not hold, in *Fairfield,* that an expressed desire of a defendant to withdraw a guilty plea and enter a plea of not guilty acted as a revocation of a jury trial waiver. We call attention to footnote 11 in *Fairfield,* supra, at 778. Judge Clinton explained that, "It cannot be overemphasized that the statutory, evidentiary, and procedural law governing trials before the court, sitting without a jury, upon the plea of guilty, has evolved on the basis of different policy considerations, and is in fact entirely distinct from that treated herein."

When a defendant pleads guilty before a jury and, during the trial, changes his plea to not guilty, the trial proceeds before the same jury. The same thing happens if the original plea is not guilty, and is changed later to guilty.

Even though we do not approve of the Court of Appeals' interpretation of this Court's decisions in *Parker v. State,* 626 S.W.2d 738 (Tex.Cr.App.1981) and *Fairfield v. State,* 610 S.W.2d 771 (Tex.Cr.App. 1981), we agree that in this case the appellant's jury waiver was revoked. It is very clear that in this case the court intended to return the appellant to his same status prior to his plea of nolo contendere (more specifically, the right to have a jury trial).

The trial court's actions in this case clearly revoked all the prior proceedings before the magistrate.

Since we will affirm the judgment of the Court of Appeals, it is not necessary to address the issue of the authority of a magistrate under Art. 1918c, V.A.C.S.

The judgment of the Court of Appeals is affirmed, and the cause is remanded to the trial court.

TEAGUE, J., concurs in the result.

TOM G. DAVIS, J., not participating.

ONION, Presiding Judge, concurring.

I concur in the result reached, but I write to explain why I concur.

The conviction, in a bench trial, upon a plea of not guilty, was for the offense of indecency with a child. V.T.C.A., Penal Code, § 22.11. The trial court assessed punishment at 10 years' imprisonment.

On appeal appellant complained, inter alia, that he was deprived of a trial by jury which he did not waive. See Article 1.13, V.A.C.C.P. The Dallas Court of Appeals reversed on this ground. *Wilson v. State,* 669 S.W.2d 792 (Tex.App. [5th Dist.] 1984). The Court of Appeals' reversal was the proper result, but the wrong reasons were given. This Court granted State's petition for discretionary review to examine the holding of the Court of Appeals that appellant's prior jury waiver executed before a magistrate under Article 1918c, V.A.C.S., was revoked when the trial court (District Judge) subsequently permitted him to change his plea from nolo contendere (before the magistrate) to a plea of not guilty before the district judge. We also granted review, on our own motion, of the issue of the authority of a magistrate under said Article 1918c, V.A.C.S.

In reaching its decision, the Court of Appeals relied upon the language in *Parker v. State,* 626 S.W.2d 738 (Tex.Cr.App. 1981): "The decision to allow appellant to withdraw his plea weeks after he had been adjudged guilty was within the trial court's discretion; however, the effect of the trial court's action was to grant the appellant a new trial." This was clearly unsupported dictum and should not have been followed. Relying upon Parker, at least in part, the Court of Appeals concluded the change to a plea of not guilty acted as a revocation of the prior jury waiver, which can only lead into dangerously deep water in proceedings involving pleas of guilty and nolo contendere. None of this was necessary.

None of the reasoning of the Court of Appeals was necessary. Here the only jury waiver in the record is one executed before the magistrate under Article 1918c. Article 1.13, V.A.C.C.P., provides that "a jury waiver in a felony less than capital must be made in writing in open court with the consent and approval of the court," meaning the district court. The validity of the only jury waiver in the case would thus

be dependent upon a compliance with said Article 1918c. Here there was no order of referral from the district court to the magistrate as required by Article 1918c, and further, no showing that the action of the magistrate was adopted by the district court as required by the statute.

All of that aside, it is clear that when the matter came before the district court that the court "clearly revoked all prior proceedings before the magistrate." Thus the case stood as if it had never been referred to the magistrate, if in fact it ever was. The appellant entered his plea of not guilty before the district court and asked for a jury trial. This was denied. There was never a jury waiver before the district court in compliance with Article 1.13, V.A. C.C.P. Appellant was entitled to a jury trial and the cause must be reversed. The Court of Appeals was right, but for the wrong reason. With this explanation, I concur.

While at it, I would note that I join Judge Clinton's concurring opinion as to the authority of the magistrate under Article 1918c, V.A.C.S.

MILLER, Judge, concurring.

I join the majority opinion, but write to insure that the door is left open for further discussion in the area of waiver of trial by jury in a proceeding before the trial court. As the majority correctly quotes from *Fairfield v. State*, 610 S.W.2d 771 (Tex.Cr. App.1981), fn. 11: "... [the] law governing trials before the court, sitting without a jury, upon a plea of guilty, has evolved on the basis of different policy considerations ..." The policy consideration that will have to be accomodated in the situation treated in the majority opinion is that reflected by Art. 26.13(a)(2), V.A.C.C.P.

Although we call a negotiated plea of guilty, pursuant to Art. 26.13, supra, made before the court sitting without a jury, a "trial", there is a realistic difference between this and a "trial" to that judge which involves *contested* issues. In the latter situation it is unthinkable that the defendant, having waived his right to trial by jury

under Art. 1.14, V.A.C.C.P., can reinvoke that right during the proceedings if things are not evolving to his liking. A guilty plea based upon a negotiated plea bargain, however, is governed by a different public policy. Specifically, it encourages the easy and speedy disposition of criminal matters that can be agreeably disposed of, leaving the court free to handle other matters.

Therefore, Art. 26.13(a)(2) specifically contemplates that the defendant may withdraw his plea if the court rejects the plea bargain agreement (and assumedly believes a harsher punishment is warranted). To leave the impression that an Art. 26.13(a)(2) withdrawal of a guilty plea does not ipso facto withdraw the waiver of jury trial would thwart the clear intent of the legislature. If such a waiver is not allowed to be withdrawn as a matter of right then the defendant, who by waiving the jury has given up his statutory right to have them assess punishment, would be at the mercy of the trial judge; the same judge who just informed him, by rejecting the plea bargain agreement, that his punishment will be harsher than that agreed to by the parties. Such a possibility would effectively retard the use of bargained pleas. This is the antithesis of Art. 26.13.

Where a defendant as a matter of right withdraws his plea of guilty or nolo contendere in a proceeding under Art. 26.13, he should also, as a matter of right, be able to withdraw his waiver of jury trial.

With this dicta, I join the majority.

CLINTON, Judge, concurring in part and dissenting in part.

While I agree with the conclusion that actions by the trial court "clearly revoked all prior proceedings before the magistrate," I am not content to defer until another day discussion of the issue which the Court decided on its own motion to consider, *viz:* authority of the magistrate in the premises. It is a recurring matter of such great importance to proper disposition of criminal actions in Dallas County pursuant to Article 1918c, V.A.C.S., that even

obiter dictum will have some remedial impact. See, e.g., *Kelley v. State,* 676 S.W.2d 104, n. 5 at 108 (Tex.Cr.App.1984); *Howard v. State,* 690 S.W.2d 252 (Tex.Cr.App.1985); *Scott v. State,* 690 S.W.2d 256 (Tex.Cr.App. 1985). Dissenting to refusal of the majority to address it, I turn directly to confront that issue.

Article 1.13, V.A.C.C.P., provides that such a waiver must be made in open court "with the consent and approval of the *court.*"[1] Our initial concern was that nothing in the record appeared to authorize the *magistrate* in this cause to approve a waiver of trial by jury executed by appellant pursuant to the statute. Since there is no indication the trial judge did, the matter of authority of a magistrate to consent to and approve waiver of trial by jury is, of course, implicated in an issue of validity of the waiver executed by appellant in this cause.

Anticipating our interest in the matter, the State moved and this Court granted leave to supplement the transcript. It has been supplemented to reveal an order under a caption styled "In Re Appointment of Magistrates and Fixation of Salaries," dated September 28, 1981, signed by all judges whose district courts give preference to criminal cases and judges of criminal district courts—except Judge Ron Chapman. However, it is neither a "general" order of referral contemplated by § 5(b) of Article 1918c, nor a "specific" order of referral mandated by § 4(c), *id.*[2] After separately reciting a few "whereas" clauses, it respectively orders that John Ellis and Howard G. Wilson be appointed "magistrate to serve said courts" and be compensated at a prescribed figure; the sole authority delegated to them is "to designate and appoint one court reporter each ... and make such arrangements as are reasonably necessary to properly administer said offices ..." It refers nothing.

Yet we learned in *Kelley,* that at least Judge Ron Chapman of the Criminal District Court contemporaneously did prepare and enter a "general" order of referral effective October 1, 1981, purporting to refer to Magistrate Wilson "all cases which have been indicted, or have had such indictment duly waived by the defendant ... for the following proceedings" thereafter identified. See *Kelley,* at 111–112 and 113–114. However, we are not informed by the record now before this Court that a similar order was ever entered by the judge of Criminal District Court No. 3. Silence of the record in this particular respect is what concerns some of us. See *Kelley,* at 112 and 114.

The State's theory is that Criminal District Court No. 3 acquired jurisdiction over this cause when the indictment was filed and, since magistrates are "only agents of the district court, *Kelley,* supra, ... their 'jurisdiction' is transferred to them by the court, and their power is limited to actions approved by the court;" therefore, "[any] improper exercise of [the judge's] power to refer appellant's case to [the magistrate without a specific order of referral] could not thus be characterized as a jurisdictional defect which need not be objected to in order to preserve error." In other words, the State would have it that Article 1918c is merely directory and its procedural requirements are available only upon demand by an accused.

The theory is at once innovative and untenable. Section 4(a) deals with referral of "any criminal case for *proceedings* involving [those described in (1) through (6)]," subject to the restriction in (b) that a magistrate may not "preside over a trial on the merits." And, as already pointed out *ante,* § 4(c) mandates: "To *refer a case* to a magistrate, the judge *shall* issue an order of referral specifying the duties of the magistrate." Assuming an order of refer-

---

1. All emphasis is mine throughout unless otherwise indicated.

2. Since proceedings on the indictment in this cause began November 8, 1982, when appellant appeared before the magistrate, all references to

Article 1918c, supra, are as it was enacted by Acts 1981, 67th Leg., Ch. 678, p. 2546, effective August 31, 1981. For a summary of later legislative developments see *Kelley v. State,* supra, at 110.

**150** ■

ral to a magistrate to conduct one or more *"proceedings"* prescribed in the order, Section 5(a) lists *powers* statutorily granted a magistrate to whom a case has been referred and implied incidental authority to perform duties "required in the order of referral," subject though to limitations prescribed in that order pursuant to § 5(b), and statutorily by § 5(c). All such provisions contemplate a "specific" order in a given case, and the State concedes there is none here.

Only § 5(d) permits a more "general" order of referral like that issued by Judge Ron Chapman in *Kelley*, and there is none here.

The record thus shows a failure of compliance with material provisions of Article 1918c including one mandatory in nature, and on that account does not affirmatively demonstrate that the magistrate had any authority to take any action in appellant's case. Similarly, according to the record the judge of the trial court did not himself comply with Article 1.13 (perhaps because he refused to accept appellant's plea of nolo contendere). "No act of the magistrate is legally binding unless and until the magistrate's actions are adopted by the referring court." *Kelley*, at 107. In these circumstances, therefore, the purported waiver by appellant of his right to trial by jury could not serve to foreclose his subsequent demand for trial by jury.