**Thomas Drew PITTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0510–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 14, 1987.

Terry G. Collins, Houston, Larry P. Urquhart, Moorman, Tate, Moorman & Urquhart, Brenham, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Deborah Mantooth, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, COHEN and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

Following a non-jury trial, appellant was found guilty of the offense of possession with intent to deliver more than 200 grams but less than 400 grams of cocaine. The court assessed his punishment at 10 years confinement and a fine of $1,000. Appellant asserts four points of error.

Armed with a search warrant, Houston police officers arrested appellant at his apartment, where he directed them to a box and several smaller baggies that collectively contained 1,025 grams of cocaine. Appellant was indicted for possession with intent to deliver more than 400 grams of cocaine.

On March 7, 1986, the trial court granted the State's motion to reduce the quantity of cocaine described in the indictment to over 200 grams but less than 400 grams. Appellant then waived his right to trial by jury and entered a plea of guilty to the reduced charge. The trial court admonished appellant, heard the stipulated oral and written evidence and plea bargain agreement, and recessed proceedings to allow the probation department to prepare the agreed pre-sentence investigation report. The trial court made no finding of guilt before recessing the proceedings.

On June 20, 1986, appellant again appeared in open court, and the trial court permitted him to withdraw his plea of guilty and enter a plea of not guilty. The

case proceeded immediately to trial before the court without a jury. Some three weeks after appellant's conviction, another form of jury waiver was filed on July 10, 1986, signed by appellant, his attorney, an assistant district attorney, and by the trial judge.

Appellant urges in his first point of error that his conviction is void because the record shows that he did not make a valid waiver in writing of his right to trial by jury, as required by Tex.Code Crim.P.Ann. art. 1.13 (Vernon 1977).

Article 1.13 provides:

The defendant in a criminal prosecution for any offense classified as felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

Appellant's original written jury waiver of March 7, 1980, was part of a comprehensive instrument entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The first sentence states, "In open court and prior to entering my plea, I waive the right of trial by jury."

Matters following the jury waiver in the instrument are the defendant's recitation of: (1) waiver of appearance, confrontation, cross-examination of witnesses, and the right against self-incrimination; (2) a statement of the charge against him, together with an acknowledgment that he understands the charge, that it is true, and that it happened on a specified date; (3) consent in open court to the oral and written stipulation of evidence, the introduction of affidavits, written witness statements, and other documentary evidence; (4) an acknowledgment that the defendant is satisfied

with his legal representation, that he intends to enter a plea of guilty, that the prosecutor will recommend a punishment that is spelled out on the form, and that the defendant agrees to the recommendation and waives "any further time to prepare for trial to which I or my attorney may be entitled." The appellant's signature on the filed instrument, sworn to before the clerk of the court on March 7, 1986, then appears.

Following, in separate paragraphs of the instrument executed by the respective individuals, are recitations by appellant's counsel, the prosecutor ("I consent to and approve the above waiver of trial by jury ..."), and the judge.

Appellant concedes both that the written jury waiver required by art. 1.13 was initially satisfied, and that appellant asked only to be allowed to change his plea. However, he urges that the original written waiver should be considered as revoked for four reasons.

First, the waiver was contained in the comprehensive form waiving numerous rights but providing only one place for appellant's signature. To hold that the jury waiver remained valid, he argues, is to hold that it is the one matter not set aside on "the plea of guilty form" when the court allowed him to withdraw his plea of guilty and his related waivers and agreements in order to proceed adversarially. Second, when he pled guilty in March, the State reduced the charge. At the June hearing, after his guilty plea was set aside, the court then granted another State's motion to reduce the offense to a lesser charge. Third, he argues, at the June hearing he again presented his motion to quash, which the court again overruled. Finally, he argues, the wording of the judgment seems to recite that the written jury waiver was among the things done "this day," or June 20, 1986, when the case was tried on his plea of not guilty. In short, he urges, all parties appear to have treated the matter as though it were being started anew at the time of his not guilty plea.

None of these complaints is meritorious. At the hearing on June 20, 1986, appellant moved orally to be allowed to withdraw his guilty plea. When the court granted the motion, appellant then pleaded not guilty and announced ready for trial. Appellant did not request that any filed instrument be stricken, and there was no reason for the court to impliedly withdraw any more of the properly executed pleading than was necessary to be consistent with appellant's changed plea. Appellant's right under art. 1.13 "upon entering a plea, to waive the right of trial by jury," was properly exercised at the time of his initial plea. To hold that appellant's later changed plea *per se* negated earlier filed instruments would unnecessarily require the repeated preparation and execution of portions of agreed or undisputed instruments. Appellant never expressed a desire to withdraw his jury waiver until appeal. The trial court correctly considered only those portions of appellant's waiver and stipulation instrument to be withdrawn that were inconsistent with appellant's new plea of not guilty.

Appellant did not file a new motion to quash. After he announced ready for trial, was arraigned, and pleaded not guilty, his attorney asked for the first time to be allowed to reurge the motion to quash "that was filed previously ... and previously ruled upon and denied." The court answered, "It will be denied again." Such a purported urging of appellant's motion to quash was untimely and ineffective to negate either a jury waiver or any matter procedurally required to be done before trial.

Appellant urges that under the authority of *Wilson v. State,* 669 S.W.2d 792 (Tex. App.—Dallas 1984), *aff'd,* 698 S.W.2d 145 (Tex.Crim.App.1985), his change of plea from guilty to not guilty operated to revoke and cancel his previously entered jury waiver.

*Wilson* is distinguishable in that the defendant there was allowed to withdraw his plea of nolo contendere *after* he had been adjudged guilty. When trial began on a later setting date, the court allowed the defendant to withdraw his earlier agreement to stipulate and the stipulated evidence, and stated that each side would be allowed to reopen and present any desired additional evidence, and that "we will complete the trial before the court on the defendant's plea of not guilty." *Wilson,* 669 S.W.2d at 793. The defendant objected to trial before the court and demanded a jury trial, arguing that there was no written waiver before the court except the waiver filed before his initial plea of nolo contendere, which he urged, "would have become ineffective at the time [he] changed his plea to not guilty." The trial court refused his demand for jury trial. *Id.*

The Court of Criminal Appeals held that the effect of allowing the defendant to withdraw his plea *after being adjudged guilty* was to grant a new trial, and that "the waiver of a jury on one trial generally does not affect the right to demand one on the second trial." *Id.* (citing *Fairfield v. State,* 610 S.W.2d 771, 776 (Tex.Crim.App. 1981)); *see Wilson,* 698 S.W.2d at 146. The trial court's refusal to allow a jury trial upon the defendant's demand was, in the circumstances, reversible error.

By contrast, appellant in our case had not been adjudged guilty in an earlier proceeding, and had not been granted a new trial. He never requested a jury or made the court aware in any manner that he no longer desired a bench trial pursuant to the timely filed jury waiver. Although we consider the filing of the post-trial second waiver to be of no legal consequence, it appears to indicate appellant's continued intention to waive a jury trial at least as late as the time of its filing, July 10, 1986, some 20 days after the conclusion of his bench trial.

Appellant's first point of error is overruled.

Appellant asserts in his second point of error that the signature of the State's attorney to the second written and filed jury waiver was not obtained prior to the entry of appellant's plea, in violation of art. 1.13, and that the failure to do so constitutes reversible error where the conviction is challenged by direct appeal.

This point is predicated on our acceptance of appellant's contention in his first point of error that his pretrial written jury waiver became ineffective with his change of plea, and is directed to the deficiency of the second jury waiver, which was executed by all parties after his trial. We rejected the argument of ineffective jury waiver in appellant's first point of error, and held that the initial jury waiver was fully valid. Accordingly, there is no need to consider the validity of the post-trial purported second waiver.

Appellant's second point of error is overruled.

Appellant's third point of error urges that the trial court erred in overruling his amended motion to quash the indictment because it failed to give him adequate notice of the manner of delivery that was intended.

██ In argument, appellant urges, *inter alia,* that Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 1.02(6) (Vernon 1986) provides three definitions of the term "deliver," and the indictment fails to give notice as to which one of the three the State relies on.

However, appellant was not charged with delivery of cocaine, but with possession with intent to deliver cocaine. We considered and rejected the same argument appellant now makes in *Gonzales v. State,* 638 S.W.2d 41, 44 (Tex.App.—Houston [1st Dist.] 1982, no pet.), also a conviction for possession of cocaine with intent to deliver. In *Gonzales,* we held that, in contrast with a delivery offense, where the delivery in question had already occurred, the elements of an attempted offense, such as intent to deliver, need not be set out in an attempt indictment. Thus, we determined, the State was not required to speculate on which manner of delivery the defendant intended to use and allege that manner of delivery in its indictment. The trial court correctly overruled the amended motion to quash.

Appellant's third point of error is overruled.

Appellant's fourth point of error asserts that the State's evidence was insufficient to prove an intent to deliver cocaine.

██ Where a sufficiency of the evidence point is raised, the appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the elements of the offense beyond a reasonable doubt. This is true whether the State's proof is by direct or circumstantial evidence. *Jackson v. Virginia,* 443 U.S. 307 (1979); *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983). Where a reasonable hypothesis other than the guilt of the defendant remains after such review, proof of guilt is not established to the necessary degree. *Carlsen,* 654 S.W.2d at 444; *Freeman v. State,* 654 S.W.2d 450 (Tex.Crim. App.1983). Intent may be proved by circumstantial evidence. *Shippy v. State,* 556 S.W.2d 246, 249 (Tex.Crim.App.1977), *cert. denied,* 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977).

Officer Bell, a Houston Police Department narcotics officer for more than four years, testified that appellant agreed to show the arresting officers where the cocaine was, directed Bell to the kitchen, and told Bell that the cocaine was in the cardboard box on the kitchen counter. Bell testified that the box contained what appeared to be a kilo of cocaine, packaged in a single plastic bag inside the cardboard box. The measured weight was 1,009 grams. Bell further testified that appellant also told him of the drawer in which he found three small baggies of cocaine, one containing approximately one quarter of an ounce, and the other two containing an eighth of an ounce each. In the same drawer, Bell also discovered about 23 grams of marijuana and "paraphernalia used for sniffing cocaine." Bell testified that there are 28 grams to an ounce; that as a narcotics officer he has purchased cocaine on the street; and that it is not common to come across that "large amount on a regular basis."

He testified that his experience was that "quantity-wise," the average user generally purchased cocaine by the gram; that a

gram of cocaine had a value of from $100 to $150; and that, in his opinion, possession of 1,025 grams would not be for personal consumption, but "would be for sale."

Appellant urges that the State's only evidence of intent to deliver was the possession of a large quantity of cocaine and the opinion testimony of Officer Bell that a person who possesses a large quantity of cocaine has it for sale and not for personal use alone. Appellant argues that this evidence alone is insufficient where no other indicators of intent to deliver exist, such as the defendant being found in a place where such sales were known to have been made, or the defendant himself not appearing to be a heavy user, or an apparent drug sale being interrupted, or significant sums of money being recovered from the person of the appellant or inside the apartment.

Appellant relies on *Turner v. State,* 681 S.W.2d 849, 850 (Tex.App.—Dallas 1984, pet. ref'd), where the quantity of drugs possessed, their packaging, and the amount of money in the defendant's possession were held to be as consistent with the inference that the defendant had just purchased the drugs for personal use as they were with the inference that he possessed the drugs with the intent to deliver. In *Turner,* the defendant possessed 17 foil packet "hits" of controlled substances and $249.26 cash.

Where, as here, the quantity seized is sufficient for 1,000 usual purchase amounts, and its street value is $100,000 to $150,000, the evidence is ample to support the finding that the cocaine was possessed with intent to deliver. We find the situation more analagous to that of *Hurtado v. State,* 722 S.W.2d 184 (Tex.App.—Houston [14th Dist.] 1986, no pet.), where possession of over 1,000 grams of cocaine was held sufficient to infer that the possession was with intent to deliver. Three U.S. Fifth Circuit Court of Appeals cases have recognized that possession of a large amount of a controlled substance in itself may provide a sufficient inference of intent to sell. *United States v. DeLeon,* 641 F.2d 530, 335 (5th Cir.1981) (294 grams); *United States v. Goldstein,* 635 F.2d 356, 362 (5th Cir.

1981) (559 grams); *United States v. Grayson,* 625 F.2d 66 (5th Cir.1980) (304.77 grams).

The evidence of the quantity of cocaine seized, together with Officer Bell's expert opinion as to the amount usually and customarily possessed for personal use, was sufficient to show possession with intent to deliver. Appellant's fourth point of error is overruled.

The judgment is affirmed.