**Nathiaon Eldon DUMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–92–339–CR, 13–92–340–CR.**

Court of Appeals of Texas, Corpus Christi.

April 22, 1993.

Gary Udashen, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Karen R. Wise, Asst. Dist. Atty., Dallas, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

NYE, Chief Justice.

Appellant pleaded guilty under an open plea to charges of murder and aggravated robbery. The court assessed punishment at life imprisonment. By two points of error, appellant complains that the trial court erred in denying appellant's request to withdraw his jury waiver in violation of the United States and Texas Constitutions. We affirm.

On the date of trial, appellant requested that he be given more time "to get ready for this case." Appellant also stated three separate times that he wanted to try his case to the bench, without a jury. The trial court denied appellant's request for more time, stating that the case had already been reset some seven times to date. The court called a recess so that jury waivers could be prepared. The record reflects that when proceedings resumed, appellant waived arraignment and entered pleas of not guilty. Further, the trial court addressed appellant and ascertained that appellant signed the jury waivers, that he understood their import, and that he signed them voluntarily. As the trial court instructed the State to call its first witness, appellant moved to change his pleas from not guilty to guilty. Appellant took the stand and testified that he wanted to plead guilty and have the court assess punishment. Appellant entered his open pleas of guilty to the murder and aggravated robbery charges and the State agreed to dismiss two of the other charges against him. The court recessed, during which time appellant executed guilty plea papers and was apparently introduced to the probation officer who would prepare the presentence report.

When proceedings resumed, appellant stated to the court:

I don't understand what you were talking about. I didn't really understand what you were talking about because, Judge, I was understanding to this charge that—that, you know, you might go easy on me.

The judge responded:

Well, I might. I don't know what I'm going to do.

The trial court continued to explain the matters he would take into consideration on punishment, including any evidence appellant would bring in his favor. Appellant then said:

I didn't think I want this, you know. I don't know. I want to go ahead and go to a jury trial.

The court denied appellant's request, stating that appellant had passed that road and had already given up his right to a jury trial. Appellant answered, "All right." He did not ask to change his plea. No objection was made. Shortly thereafter, the case was passed for a subsequent trial on punishment.

■ Appellant contends that, in refusing appellant's request to withdraw his jury waiver, made almost immediately after entering the waiver, the trial court violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution, under article 1, sections 10 and 15 of the Texas Constitution, and articles 1.13–1.15 of the Texas Code of Criminal Procedure. Appellant claims that granting the withdrawal would not have harmed the State or unreasonably delayed the trial, would not have impeded justice, nor inconvenienced the witnesses. *See Collins v. State*, 642 S.W.2d 80, 84 (Tex.App.—Fort Worth 1982, no pet.).

Appellant's reliance on *Collins* is misplaced. The court in *Collins* erred in approving a jury waiver, executed by the defendant the previous day, which neither the State nor the court had approved, and which the defendant subsequently wished to withdraw. The key facts in *Collins* were that the State and the court failed to approve the waiver the day the defendant

signed it; the next day, the State and the court approved the waiver, but the defendant then wished to withdraw it. Here, appellant signed the jury waivers, and they were approved by both the State and the court. *See McCowan v. State*, 739 S.W.2d 652, 654 (Tex.App.—Beaumont 1987, pet. ref'd).

■ Moreover, we agree with the State's contention that appellant waived this complaint because he entered an open plea and the claim is not jurisdictional. *See* Tex.R.App.P. 40(b)(1). Appellant admits in his brief that no plea bargain existed in this case. When there is no evidence of a plea bargain, and the plea is voluntarily and understandingly made, all nonjurisdictional defects, including claimed deprivations of due process, are waived. *Morin v. State*, 682 S.W.2d 265, 268 (Tex.Crim.App.1983); *Christal v. State*, 692 S.W.2d 656, 658–59 (Tex.Crim.App.1981). Appellant does not claim that his pleas were involuntary. We agree with the State that appellant cannot bring his claim for the first time on appeal. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex. Crim.App.1980).

The jury waivers were executed in accordance with article 1.13 of the Texas Code of Criminal Procedure. Appellant was admonished of his right to a jury trial, and he indicated that he voluntarily waived it. *Keimig v. State*, 669 S.W.2d 121, 123 (Tex. App.—Houston [14th Dist.] 1983), *aff'd*, 753 S.W.2d 400 (Tex.Crim.App.1988). Appellant did not ask to withdraw his guilty plea. *See Pitts v. State*, 731 S.W.2d 687, 690 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd); *Wilson v. State*, 669 S.W.2d 792, 793 (Tex.App.—Dallas 1984), *aff'd*, 698 S.W.2d 145 (Tex.Crim.App.1985). Appellant's points are overruled.

The judgment of the trial court is AFFIRMED.