**William JOHNSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-00-286-CR.**

Court of Appeals of Texas, Fort Worth.

July 12, 2001.

---

David A. Pearson, IV, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Section, Sylvia Mandel and D.D. Handy, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Panel A: DAY, HOLMAN, and GARDNER, JJ.

## OPINION

HOLMAN, Justice.

Appellant William Johnson appeals his conviction for possession of a controlled substance. In his sole point, Appellant argues that he was denied a jury trial because he was tried and convicted in a bench trial without a valid written jury trial waiver. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2000, Fort Worth police officer F.W. Long stopped a car when it made a right turn without using a turn signal. As Officer Long was attempting to pull the car over to the side of the road, he observed Appellant, the right front passenger, undo his seatbelt and reach forward as if placing something under the car seat. Officer D.D. Addy, Officer Long's backup, found drug paraphernalia containing rock cocaine in plain view on the floorboard near Appellant's feet and under the front passenger seat. Appellant was arrested for possession of a controlled substance.

### JURY TRIAL WAIVER

In his sole point, Appellant argues that he was denied a jury trial because he was tried and convicted in a bench trial without a valid written jury trial waiver. Appellant contends that his conviction without trial by jury violates articles 1.13, 1.14, and 1 .15 of the code of criminal procedure. *See* TEX.CODE CRIM.PROC.ANN. arts. 1.13(a), 1.14(a), & 1.15 (Vernon Supp.2001).

Article 1.13(a) provides:

The defendant in a criminal prosecution for any offense other than a capital felony ... shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.

*Id.* art. 1.13(a).

Article 1.14(a) provides:

The defendant in a criminal prosecution for any offense may waive any rights secured him by law.

*Id.* art. 1.14(a).

Article 1.15 provides:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14.

*Id.* art. 1.15.

Here, Appellant originally entered a plea of not guilty to the offense and signed written waivers, including a waiver of trial by jury. He then decided to enter a plea of guilty, pursuant to a plea bargain agreement, in exchange for four years' confinement. During the plea proceeding, however, Appellant withdrew his plea of guilty and again entered a plea of not guilty.

■ Appellant contends that the jury waiver was not valid once he changed his plea to not guilty because the change in plea revoked the prior jury waiver. *See Wilson v. State,* 669 S.W.2d 792, 793 (Tex. App.—Dallas 1984), *aff'd,* 698 S.W.2d 145 (Tex.Crim.App.1985).

In *Wilson,* the defendant appeared before a magistrate to enter a plea to the charges against him. The defendant waived arraignment and his right to trial by jury, and he entered a plea of nolo contendere. *Id.* The magistrate admonished the defendant, and the State introduced an agreement to stipulate evidence. *Id.* After hearing the evidence, the magistrate found the defendant guilty. The case was passed in order for a pre-sentence investigation report to be prepared and for assessment of punishment by the district judge. After the report was prepared, the defendant appeared before the district judge. The defendant waived his right to a speedy trial. *Id.* The district judge noted that the defendant's pre-sentence investigation report reflected that he had denied committing the offense, and the defendant acknowledged denying guilt. The district judge informed the defendant that he would allow him to withdraw his plea and a jury trial would follow. *Id.* The defendant stated that he had "hoped that would not happen." *Wilson,* 698 S.W.2d at 146. A few days later, the defendant appeared before the court with counsel, withdrew his plea and entered a plea of not guilty. The defendant then demanded a jury, claiming his jury waiver was void and objected to proceeding without a jury trial. The trial court overruled the objection and a bench trial followed, after which the court found the defendant guilty. *Id.* On appeal, the court held that the defendant's change in plea to not guilty revoked his prior jury waiver and, therefore, he was deprived of his right to a jury trial. *Wilson,* 669 S.W.2d at 794.

*Wilson* is distinguishable from this case in that the defendant there was allowed to withdraw his plea of nolo contendere after he had been adjudged guilty. *See id.* at 793. Here, Appellant entered a plea of *not guilty* when he appeared in court with his written jury waiver. In fact, Appellant's written waiver specifically states that he "will enter a[p]lea of not guilty." It was during the course of being admonished by the court about his waiver of the right to jury trial that Appellant decided to accept the State's plea agreement of four years' confinement. When the court asked Appellant if he had been coerced, forced, threatened, or mistreated in order to induce him to enter the guilty plea, Appellant responded, "Yes." The court then asked Appellant if he would like to withdraw his guilty plea, and he responded, "Yes." The court then withdrew Appellant's guilty plea, and a bench trial fol-

lowed. At the conclusion of the trial, the court found Appellant guilty and sentenced him to eight years' confinement.

Because of the fundamental and inviolate nature of the right to trial by jury, a waiver of jury trial must be made in person, in writing, and in open court. TEX. CODE CRIM.PROC.ANN. art. 1.13(a); *Marquez v. State*, 921 S.W.2d 217, 220 (Tex.Crim. App.1996). Appellant's jury waiver was made in person, in writing, and in open court. Appellant was not entering a plea of not guilty for the first time as in *Wilson*, nor did he ever make a demand for a jury trial. Instead, after the guilty plea was withdrawn, Appellant was returned to the same status he had prior to his plea of guilty-his original plea of "not guilty" was entered. *See Wilson*, 698 S.W.2d at 147. Accordingly, we hold that Appellant's written jury waiver was valid and he was not deprived of the right to trial by jury. We overrule Appellant's sole point.

### CONCLUSION

Having overruled Appellant's sole point, we affirm the trial court's judgment.