COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

AMALIA GUERRERO,                                        )

                                                                              )              
No.  08-04-00177-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
34th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20040D02024)

                                                                              )

 

 

O
P I N I O N

 

Amalia Guerrero
appeals her jury conviction for unlawful possession of cocaine with intent to
deliver, over 400 grams.  The trial court
assessed punishment at 15 years=
imprisonment.  On appeal, she challenges
the legal and factual sufficiency of the evidence to sustain her
conviction.  We affirm.








On March 23, 2004,
El Paso Police Detectives Ruben Cardenas and Barry Alvarez were surveilling a
south El Paso bus station for drug trafficking. 
Detective Cardenas noticed a black pickup truck pull into the parking lot
with three passengers, a young Hispanic male driver, the Appellant in the
center, and an older Hispanic male sitting on the right passenger side.  After watching the driver and the Appellant
for about twenty minutes, Detective Cardenas became suspicious of the two and
decided to confront them as they waited in a line to board a bus to Kansas
City.

Detective Cardenas
identified himself as a police officer. 
He began asking Appellant questions about her trip plans and her answers
were inconsistent.  He also noticed that
her shirt appeared to be too big for her size. 
He suspected that Appellant was wearing baggy clothing to conceal
packages of narcotics.  The detective
then asked Appellant if she would consent to a search of her luggage.  Appellant consented to the search and, at
trial, the detective could not remember exactly what the luggage contained, but
thought it contained only a blanket.

Finally, Detective
Cardenas asked Appellant if she had any drugs or weapons and she told him that
she did not.  He then asked her if she
could lift her outer shirt so that he could see the shirt she was wearing
underneath.  After Appellant complied
with his request, he asked her to unbutton the first two or three buttons of
her shirt and lift it.  Detective
Cardenas then noticed what appeared to be a girdle strapped to Appellant=s waist.  He then asked Appellant to move her shirt
aside and he noticed a black object strapped to the side of her waist, which he
suspected to be narcotics.  Appellant was
taken to the central police station for a further search by a female
officer.  At the station, two rectangular
bundles weighing approximately five pounds were removed from Appellant=s waist.  A field test confirmed the bundles contained
cocaine.








In reviewing the
legal sufficiency of the evidence, we must view the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Hernandez
v. State, 946 S.W.2d 108, 110-11 (Tex.App.--El Paso 1997, no pet.).  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witness, as this was the
function of the trier of fact.  See
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v.
State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is to determine whether if
both the explicit and implicit findings of the trier of fact are rational by
viewing all the evidence admitted at trial in the light most favorable to the
verdict.  See Adelman, 828 S.W.2d
at 421-22.  In so doing, any
inconsistencies in the evidence are resolved in favor of the verdict.  Matson, 819 S.W.2d at 843.

In reviewing the
factual sufficiency of the evidence, we must determine whether considering all
the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004).  Evidence can be factually insufficient if the
evidence supporting the verdict, considered by itself, is too weak to support
the finding of guilt beyond a reasonable doubt, or contrary evidence is so
strong that guilt cannot be proven beyond a reasonable doubt, or contrary
evidence is so strong that guilt cannot be proven beyond a reasonable
doubt.  Id. at 484-55.  Our evaluation should not intrude upon the
fact finder=s role as
the sole judge of the weight and credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997).  We will not set
aside the judgement unless the evidence supporting the verdict is so weak as to
be clearly wrong and manifestly unjust.  Zuniga,
144 S.W.3d at 481.  A clearly wrong and
manifestly unjust verdict occurs where the jury=s
finding Ashocks
the conscience@ or Aclearly demonstrates bias.@ 
Id.  An opinion addressing
factual sufficiency must include a discussion of the most important and
relevant evidence that supports the Appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex.Crim.App. 2003).








A person commits
an offense if the person knowingly manufactures, delivers, or 

possesses with intent to deliver a
controlled substance listed in Penalty Group 1. 
Tex.Health & Safety Code Ann.
' 481.112(a)(Vernon 2003).  An offense under Subsection (a) is a felony
of the first degree if the amount of the controlled substance to which the
offense applies is, by aggregate weight, including adulterants or dilutants,
400 grams or more.  Id. at ' 481.112(f).

Appellant concedes
that the evidence was sufficient to support the finding of possession, but
challenges the sufficiency of the evidence supporting the finding of intent to
deliver, arguing that she was only holding the cocaine for another and did not
have the requisite intent to deliver.

Intent is a
question of fact to be determined by the trier of fact.  Ingram v. State, 124 S.W.3d 672, 676
(Tex.App.--Eastland 2003, no pet.). 
Intent to deliver can be proven by circumstantial evidence, such
as:  (1) the amount of the controlled
substance possessed; (2) the manner in which it was possessed; (3) the manner
of packaging; (4) the nature of the location where the defendant was arrested;
(5) the presence or absence of drug paraphernalia (for use or sale); (6) the
amount of cash the defendant possessed in addition to the drugs; and (7) the
defendants status as a drug user.  See
Williams v. State, 902 S.W.2d 505, 507 (Tex.App.--Houston [1st Dist.] 1994,
pet. ref=d); Jordan
v. State, 139 S.W.3d 723, 726 (Tex.App.--Fort Worth 2004, no pet.).  Expert testimony by experienced law
enforcement officers may be used to show an accused=s
intent to deliver.  See Mack v. State,
859 S.W.2d 526, 529 (Tex.App.--Houston [1st Dist.] 1993, no pet.); Branch v.
State, 833 S.W.2d 242, 244-45 (Tex.App.--Dallas 1992, pet. ref=d). 
A large quantity of drugs accompanied by an experienced officer/expert
testimony alone can be sufficient to show an intent to deliver.  Pitts v. State, 731 S.W.2d 687, 691
(Tex.App.--Houston [1st Dist.] 1987, pet. ref=d).








Viewing the
evidence in the light most favorable to the verdict, the evidence shows that
Appellant was apprehended while attempting to board a bus bound for Kansas City
with two bundles of cocaine, weighing 2.09 kilograms, or approximately 4.6
pounds, secured by a girdle strapped around her mid-section.  John Janczak, a criminalist with the Texas
Department of Public Safety Field Crime Lab, testified that the cocaine tested
78 percent pure.

Detective Cardenas
testified that El Paso was a major source of narcotics for the United States
and Appellant=s
destination, Kansas City, was a Ademand
city@ for
these narcotics.  According to Detective
Cardenas, an amount for personal use would only be a gram or less and Appellant
was carrying 2.09 kilograms (approximately 2,000 grams).  He also stated that only a person who had
built up a level of trust with an organization or seller would be able to
purchase two kilograms of cocaine and a first-time buyer would find it Aimpossible or pretty close to
impossible@ to buy
such a large amount.

Detective Alvarez,
who assisted Detective Cardenas during the arrest, testified that it would take
an individual several years to use two kilograms of cocaine without
overdosing.  He also stated that a
distributor would deal in larger amounts from a couple of ounces to kilograms
while a user dealt locally in smaller amounts ranging from one gram to a couple
of ounces.  He also testified that drugs
typically flow from a source city to a demand city.  Finally, Appellant gave the officers no
information about her male travel companion which would implicate him as having
any relationship to the cocaine and both individuals denied knowing each other
or having any kind of prior relationship. 
We conclude that a rational finder of fact could have found Appellant
possessed the requisite intent to deliver the cocaine beyond a reasonable
doubt.








In her factual
insufficiency complaint, Appellant claims that the evidence only shows she was
holding the cocaine for her male companion. 
Appellant argues that Detective Cardenas admitted Appellant was Ajust a mule who was carrying the drugs
from Point A to Point B.@  However, while the record shows Detective
Cardenas did testify as to his understanding of the term Amule,@
he never Aadmitted@ that Appellant=s
role was relegated to that of an unknowing mule.  Appellant also directs our attention to
certain statements by Detective Cardenas in his testimony to support her
contention.  First, Detective Cardenas
stated that as Appellant approached the bus, her male companion pointed Aas if directing her where to walk to
and how to approach the bus.@  Second, Appellant asked her male companion if
she should place her luggage beneath the bus. 
Third, Detective Cardenas believed that Appellant=s
male companion was involved, but he could not prove it.  Finally, Appellant points out that Detective
Cardenas stated that it was possible that Appellant=s
male companion was accompanying Appellant to Atak[e]
care of his investment.@  Appellant claims that this evidence shows
that she was only holding the cocaine for her male companion and that he, not
her, would have actually delivered the cocaine. 
Although Appellant was accompanied by a male traveler, there was no
evidence, other than speculation by Officer Cardenas, linking him to the
cocaine.  In fact, Appellant told
Detective Cardenas she had only recently met her male companion after he
stopped to give her a ride to the bus station. 
At best, the evidence tends to show that additional parties were
involved rather than negating Appellant=s
role in the transaction.  After a neutral
review of all of the evidence, we conclude that the evidence supporting the
verdict is not too weak to support the guilty finding beyond a reasonable doubt
nor so contrary to the verdict as to be clearly wrong and unjust.   Accordingly, we conclude the evidence was
both legally and factually sufficient to sustain the conviction.  Issues One and Two are overruled.








The trial court=s judgment is affirmed.

 

 

 

October
20, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)