Carlos Alberto **HURTADO,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–85–578–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 4, 1986.

J.C. Castillo, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Marie Munier, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Carlos Alberto Hurtado appeals a conviction for possession with intent to deliver cocaine. The court assessed punishment at 21 years incarceration and a one dollar fine.

In seven points of error appellant contends the trial court erred by (1, 2) overruling his motion to suppress the evidence that resulted from an illegal search and a pretext arrest; (3) allowing evidence of extraneous offenses; (4) overruling his motion for instructed verdict; (5, 6) refusing to allow cross-examination of the accomplice witness; and (7) denying appellant's requested jury charge. We affirm.

Oscar Burnias, a police officer assigned to the Narcotics Airport Detail, testified that he was watching flights arriving from source cities on August 14, 1984 at the Houston Intercontinental Airport. He noticed a nervous couple waiting at the gate area for a plane to arrive from Miami. Appellant and a companion, Diane Parolin, deplaned and were greeted by the couple. Officer Burnias testified appellant seemed nervous and looked around and behind himself. In the baggage claim area Parolin gave two claim stubs to appellant who removed two bags and put them on the floor. Appellant summoned a porter and put the bags on a dolly. As appellant and Parolin walked toward the airport exit, Officer Burnias approached appellant and asked if he could speak to him. Appellant replied he did not speak English so Burnias addressed him in Spanish. Appellant agreed to speak to Burnias who then identified himself and his colleague, Sergeant Foehner, as police officers. When asked whether he had just arrived, appellant seemed reluctant to answer, then said he had just come from Miami. Burnias asked to see his ticket and appellant produced one bearing the name "Javier Lopez." The officer returned the ticket to appellant and asked if the baggage on the dolly belonged to him; appellant replied it did. He also said he was traveling alone and had no identification with him.

Parolin walked up wanting to know what was going on. Burnias asked if she had also just arrived on a flight. After stammering and stuttering, she said yes. She also stated she was traveling alone. However, when Burnias asked to see her ticket, Parolin looked puzzled, stared at appellant then said appellant had her ticket. Appellant showed Burnias a ticket for "Diana Parolee" from the same ticket jacket which contained the ticket for "Javier Lopez." Burnias asked Parolin if the bags belonged to her, and she said they did. Appellant then changed his mind and said the bags did not belong to him. Burnias testified neither appellant nor Parolin were under arrest during this phase of questioning and were free to leave.

Burnias continued questioning appellant and asked whether he was an American citizen. Appellant said he was not; he was Colombian. Burnias asked to see his passport but appellant replied he had left it in New York. Since the flight had come in from Miami, Burnias' suspicions were further aroused. He decided to take appellant to the airport's immigration office to determine whether he was in the United States legally. Parolin was told she was free to go but she did not leave. The officers took appellant and the baggage to an office which the Immigration Service shares with U.S. Customs, and Parolin followed. There the baggage was submitted to a dog trained to detect narcotics. The dog gave a positive reaction for drugs in one of the bags, and appellant and Parolin were placed under arrest. When appellant was searched incident to arrest, a New York driver's license, a travel agency invoice bearing the name "Javier Lopez," and the plane tickets were seized. Following the arrest, Parolin gave written consent for the luggage to be searched. Inside, a package containing approximately one thousand grams of cocaine was discovered. At trial

a police chemist testified the substance possessed by appellant was in fact cocaine with a purity of about 89.1 percent.

Diane Parolin testified she met appellant in New York and dated him several weeks before appellant invited her to stay with him in Miami. Parolin stated appellant showed her three packages containing cocaine while in Miami. She also testified appellant had made a previous trip to Houston to deliver cocaine to friends. She stated appellant packed some of his clothes in the luggage that contained the cocaine, and she saw him pack the kilo of cocaine wrapped in gift paper in the suitcase. Appellant told Parolin the cocaine was a gift to be delivered to friends in Houston. Parolin checked the two bags at the airport and kept the claim stubs until she gave them to appellant at the Houston airport.

Appellant testified that prior to August 14, 1984, he did not know Parolin. He stated that while standing in line at the Miami airport, a Latin male sold him a ticket for the flight to Houston. He was assigned to the seat next to Parolin where she initiated a conversation and appellant offered to help Parolin with her baggage. Appellant testified Parolin pointed out her bags and gave him the claim stubs. Appellant denied knowledge of the cocaine found in the luggage.

In his first point of error appellant contends the court erred in overruling his motion to suppress the evidence seized because it was obtained as a result of an illegal search. The motion requested that all evidence seized in the search of appellant and as a result of his arrest be suppressed. The motion also stated that certain luggage which did not belong to appellant was searched without a warrant. Appellant's brief on appeal does not treat each item seized separately. Obviously the most incriminating evidence was the cocaine found in the luggage. However, appellant denied ownership of the luggage during the conversation with Officer Burnias. An individual cannot usually assert that he exhibited an expectation of privacy in an item when he specifically disclaimed

ownership of it. *Garcia v. State,* 704 S.W.2d 512 (Tex.App.—Houston [14th Dist.] 1986, pet pending). The record before us clearly shows that appellant abandoned the luggage and cannot claim an expectation of privacy in it. The abandonment occurred during a mere police-citizen communication that involved no coercion or detention. Such a contact does not violate the Fourth Amendment's protections against unreasonable searches and seizures. *Lopez v. State,* 681 S.W.2d 788, 790 (Tex.App.—Houston [14th Dist.] 1984, no pet.). Because appellant abandoned the luggage prior to being detained, we hold he had no justifiable expectation of privacy in it and therefore cannot challenge its search. *See United States v. Berd,* 634 F.2d 979 (5th Cir.1981). Appellant's first point of error is overruled.

Appellant contends in his second point of error that the detention for a determination of his immigration status amounted to a pretext arrest and all evidence seized pursuant to it should be suppressed. While it is true that appellant violated no immigration laws by traveling without his passport, no evidence at all was seized as a result of this immigration detention. The officers escorted appellant to the immigration office where the narcotics dog sniffed the luggage. Once the dog indicated the presence of narcotics, sufficient probable cause existed for appellant's arrest and search. All items seized from his person were incident to a valid arrest and need not have been suppressed. The court did not err in denying appellant's motion to suppress the evidence, and the second point of error is overruled.

Appellant's third point of error alleges the court erred in allowing Parolin to testify about extraneous offenses during the State's case in chief. Point of error seven complains that Parolin was an accomplice to the extraneous offenses and the court erred in denying appellant's requested charge that her testimony had to be corroborated. We overrule both points of error.

The extraneous offense of which appellant first complains involved a similar quantity of cocaine transported to Houston by appellant four days before the indicted offense occurred. The court ruled the extraneous offense was admissible to prove appellant's intent to deliver the cocaine. Appellant complains the extraneous offense was inadmissible since the state's case was based upon the direct evidence of Parolin's testimony and intent was not contested. While the extraneous offense was offered prematurely, appellant's subsequent testimony denying every element of the indicted offense put intent in issue and rendered the premature extraneous evidence harmless. Appellant's testimony was not a mere rebuttal of Parolin's testimony concerning the extraneous offense, but rather a complete denial of each element including intent. Moreover, in light of the strength of the other evidence adduced at trial, the admission of the extraneous evidence was harmless. The evidence complained of did not contribute to the conviction or punishment assessed. *See Prior v. State*, 647 S.W.2d 956 (Tex.Crim. App.1983).

In this multifarious point of error appellant also complains of the prosecutor's reference in closing argument to "three kilos of cocaine in the bottom of an oven in Miami" when the amount had not actually been verified. The court sustained appellant's objection and ordered the jury to disregard "the three kilo statement." Any harm was cured by the court's instruction. Finding no reversible error, we overrule the third point of error.

Appellant's seventh point of error complaining that the court erred in denying a charge on corroboration of accomplice testimony is erroneously premised on the assumption that Parolin was an accomplice to the *extraneous* offenses. The court ruled there was no evidence to justify a charge on her being an accomplice to the extraneous offenses; we agree. The jury was given a general instruction that Parolin was an accomplice witness and, as such, that her testimony regarding the indicted offense had to be corroborated. There being no error in the jury charge the seventh point of error is overruled.

In his fourth point of error appellant contends the State failed to prove all elements of its case and the court erred in denying the motion for instructed verdict. Clearly the court did not err in overruling the motion because, as set out in the facts above, there was substantial evidence even without the accomplice testimony to warrant the court's submission of the matter to the jury for their determination of guilt or innocence.

Appellant claims that the testimony of Parolin, as an accomplice, was not sufficiently corroborated. Although we hold there was no error in overruling the motion for instructed verdict, we will address the sufficiency of the evidence corroborating the accomplice testimony.

The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not.

*Brown v. State*, 561 S.W.2d 484, 487 (Tex. Crim.App.1978). The corroboration need only make the accomplice testimony more likely than not. *Id.*

In addition to Parolin's testimony, Officer Burnias' testimony established appellant's knowing possession of the contraband, and the police chemist's testimony confirmed the substance was cocaine. The fact that appellant was in possession of over one thousand grams of cocaine is sufficient to infer possession was with the intent to deliver. *Fewell v. State*, 687 S.W.2d 807, 810 (Tex.App.—Houston [14th Dist.] 1985, no pet.). *See U.S. v. Goldstein*, 635 F.2d 356 (5th Cir.1981); *Alba v. State*, 492 S.W.2d 555 (Tex.Crim.App.1973). We find there was sufficient incriminating

evidence connecting appellant with the commission of the offense and conclude the evidence supports the conviction. The fourth point of error is overruled.

 In points of error five and six appellant asserts error in the trial court's denial of cross-examination of the accomplice on whether she was guilty of possession with intent to deliver. The prosecutor elicited testimony from Parolin that he had given no promises concerning her own punishment. Parolin testified she was aware her testimony amounted to a confession to intentionally and knowingly possessing cocaine. Points five and six complain appellant should have been allowed to go further and ask Parolin if she were also guilty of possession with intent to deliver the cocaine. The trial court refused to compel Parolin to answer the questions saying it constituted "an arraignment that she's not obligated to go through." We agree. The court gave a proper instruction to the jury regarding her complicity in the indicted offense. The jury was well aware the prosecutor agreed to reduce the charges against Parolin to mere possession in exchange for her complete and truthful testimony.

Appellant, who preserved for appeal the requested questions and Parolin's answers by a bill of exception, argues that cutting off his line of cross-examination amounts to the court improperly invoking Parolin's Fifth Amendment privilege for her. The trial judge should have waited for the witness to invoke her privilege. However, in light of the evidence before the jury, we cannot say this had any effect on appellant's trial. The reduction of the charges against Parolin and the obvious benefit to her was before the jury whether or not she was willing to admit her guilt for the greater offense. This admission of guilt would not have had a material impact on the jury's assessment of Parolin's credibility. Thus error, if any, was harmless. This is particularly true since the evidence outside of the accomplice testimony was sufficient to sustain appellant's conviction. Points of error five and six are overruled.

The judgment of the trial court is affirmed.