COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-171-CR
  
  
PAUL 
EDWARD HILLMAN                                                       APPELLANT
A/K/A 
PAUL E. HILLMAN
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        In 
three points, appellant Paul Edward Hillman a/k/a Paul E. Hillman challenges his 
felony conviction for possession of a controlled substance with intent to 
deliver. In point one, Hillman complains the trial court erred in denying his 
motion to suppress evidence, and in points two and three, he complains that the 
evidence was legally and factually insufficient to prove intent to deliver. We 
reverse and remand for a new trial.
II. Factual and Procedural Background
        On 
the evening of July 16, 2002, North Richland Hills Police Officer Timothy 
Hennessy, operating a stationary radar on the westbound access road of Loop 820, 
observed a red 1982 Mazda traveling fifty-four miles an hour in a thirty-five 
miles per hour zone. Following a traffic stop, Officer Hennessy determined that 
the driver of the vehicle, Hillman, had outstanding traffic warrants from Haltom 
City. Hillman was arrested at the scene on the basis of the warrants and for the 
failure to maintain financial responsibility. Following a pat-down search, 
Hillman was handcuffed and placed in the rear of the officer’s patrol car for 
the purpose of transporting him to jail. Hillman had no weapon, a small amount 
of cash, no beeper or cell phone, and no drug paraphernalia in his possession. 
The Mazda was registered in Hillman’s name and showed that he had purchased 
the car for $495 about three months before the traffic stop. Officer Hennessy 
next performed a search of the vehicle incident to the arrest, and while 
attempting to open the console, noticed that the console was loose because only 
one screw was holding the console to the floor board—other screws had been 
removed. Lifting the console away from the floor board, Officer Hennessy 
discovered two plastic baggies, one containing a white rock-like substance and 
the other a brown powder-type substance. The officer believed the baggies 
contained illegal narcotics. A subsequent analysis of the contents of the two 
plastic bags revealed that they contained .29 grams and 7.21 grams of 
methamphetamine, both amounts including adulterants or dilutants.
        The 
State went to trial on an indictment of possession of a controlled substance, 
methamphetamine, of four grams or more but less than two hundred grams, with 
intent to deliver. The jury trial resulted in a guilty verdict and a 
court-ordered sentence of twenty years in the Institutional Division of the 
Texas Department of Criminal Justice.
III. Motion to Suppress
        In 
point one, Hillman complains the trial court erred in failing to grant his 
motion to suppress evidence of the methamphetamine because there was no warrant 
to search his vehicle. We need not address the merits of Hillman’s first issue 
because it has been waived. It is well-settled that when a pretrial motion to 
suppress evidence is overruled, the accused need not subsequently object to the 
admission of the same evidence at trial in order to preserve error. Williams 
v. State, 834 S.W.2d 502, 507 (Tex. App.—Fort Worth 1992, pet. ref’d.). 
However, when the accused affirmatively asserts during trial that he has “no 
objection” to the admission of the evidence complained of, he waives any error 
in the admission of the evidence. See Jones v. State, 962 S.W.2d 158, 167 
(Tex. App.—Fort Worth 1998, no pet.)
        In 
this case, defense counsel filed a motion to suppress asking the court to 
suppress the methamphetamine seized from Hillman at the time of his arrest. 
After a hearing, the trial court denied Hillman’s motion. During the 
guilt/innocence phase of the trial, Hillman’s counsel affirmatively stated 
that he had “no objection” to the introduction of State’s exhibits #1 and 
#2 (the methamphetamine) into evidence before the jury. Thus, Hillman waived his 
right to complain on appeal about its admissibility. See id. Therefore, 
we overrule Hillman’s first issue.
IV. Legal and Factual Insufficiency
        In 
points two and three, Hillman challenges the legal and factual sufficiency of 
the evidence to support the finding of “intent to deliver.” In reviewing the 
legal sufficiency of the evidence to support a conviction, we view all the 
evidence in the light most favorable to the verdict in order to determine 
whether any rational trier of fact could have found the essential elements of 
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 
319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 
(Tex. Crim. App. 2001). This standard gives full play to the responsibility of 
the trier of fact to resolve conflicts in the testimony, to weigh the evidence, 
and to draw reasonable inferences from basic facts to ultimate facts. Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789. When performing a legal sufficiency review, 
we may not sit as a thirteenth juror, re-evaluating the weight and credibility 
of the evidence and, thus, substituting our judgment for that of the fact 
finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. 
denied, 529 U.S. 1131 (2000). Rather, the verdict must stand unless it is 
irrational or unsupported by more than a “mere modicum” of the evidence. See 
Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991); Moreno v. 
State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). When faced with 
conflicting inferences, a reviewing court must presume that the trier of fact 
resolved any such conflict in favor of the prosecution and must defer to that 
resolution. See Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993); 
Matson, 819 S.W.2d at 846. The standard of review is the same for direct 
and circumstantial evidence cases. Burden, 55 S.W.3d at 613; Kutzner 
v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 
S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is factually insufficient 
if it is so weak as to be clearly wrong and manifestly unjust or the adverse 
finding is against the great weight and preponderance of the available evidence. 
Johnson, 23 S.W.3d at 11. Therefore, we must determine whether a neutral 
review of all the evidence, both for and against the finding, demonstrates that 
the proof of guilt is so obviously weak as to undermine confidence in the 
verdict, or the proof of guilt, although adequate if taken alone, is greatly 
outweighed by contrary proof. Id. In performing this review, we are to 
give due deference to the fact finder’s determinations. Id. at 8-9; Clewis, 
922 S.W.2d at 136. We may not substitute our judgment for that of the fact 
finder’s. Johnson, 23 S.W.3d at 12. Consequently, we may find the 
evidence factually insufficient only where necessary to prevent manifest 
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997).
        To 
make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. Johnson, 23 S.W.3d 
at 12. A proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant’s complaint on 
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
V. Analysis and Application to Evidence Presented
        The 
courts have found many "circumstances of possession" from which a jury 
may infer an intent to deliver. Among those are the following: (1) quantity of 
drug possessed; (2) presence of a large amount of cash; (3) manner of packaging; 
(4) location of arrest; (5) whether defendant is a drug user; (6) presence of 
drug use paraphernalia; (7) presence of drug sale paraphernalia; (8) whether 
defendant was found inside a "crack" or "trap" house; (9) 
presence of weapons in close proximity; (10) whether defendant attempted to 
flee; and (11) evidence of drug transactions. Taylor v. State, 106 S.W.3d 
827, 831 (Tex. App.—Dallas 2003, no pet.); Hernandez v. State, 13 
S.W.3d 492, 501 (Tex. App.—Amarillo 2000), rev’d on other grounds, 60 
S.W.3d 106 (Tex. Crim. App. 2001); Williams v. State, 902 S.W.2d 505, 507 
(Tex. App.—Houston [1st] 1994, pet. ref’d); Castillo v. State, 
867 S.W.2d 817, 821 (Tex. App.—Dallas 1993), vacated, 913 S.W.2d 529 
(Tex. Crim. App. 1995); Gabriel v. State, 842 S.W.2d 328, 331-32 (Tex. 
App.—Dallas 1992), aff'd, 900 S.W.2d 721 (Tex. Crim. App. 1995).
        Further, 
"[i]ntent to deliver is a question of fact for the jury to resolve, and it 
may be inferred from the acts, words, or conduct of the accused." Taylor, 
106 S.W.3d at 831 (citing Avila v. State, 15 S.W.3d 568, 573 (Tex. 
App.—Houston [14th Dist.] 2000, no pet.)).
        The 
State asserts that “the circumstances surrounding appellant’s possession of 
the methamphetamine, along with expert testimony, provide legally and factually 
sufficient evidence that appellant intended to deliver it.” That evidence is 
as follows:
 
(1)Although 
appellant was arrested driving a car valued at approximately $495.00 and he had 
no liability insurance, he possessed methamphetamine valued at $700.00.
(2)Appellant 
possessed 7.5 grams of methamphetamine. There was enough methamphetamine for 
approximately 70 “hits.” The State’s expert testified that it would be 
unusual for an individual user to have 7.5 grams of methamphetamine.
(3) 
The methamphetamine was hidden under the console of the car. The State’s 
expert testified that drug dealers commonly loosen screws or make other 
alterations to vehicles to create hiding spots to carry drugs; in contrast, drug 
users typically carry drugs on their person or in a purse and do not create such 
hiding places.

 
        From 
the standpoint of legal sufficiency, we agree that the evidence presented is 
more than a “mere modicum“ and passes legal sufficiency muster. However, 
from a factual sufficiency standpoint, and considering the factors and evidence 
showing an “intent to deliver,” the evidence presented by the State is “so 
obviously weak as to undermine confidence in the verdict” and does not pass 
factual sufficiency muster. While the evidence of the amount of drugs Hillman 
possessed and the location and manner in which he hid them constitutes some 
evidence of intent to deliver, there is no evidence of any other circumstances 
tending to prove intent. While a large amount of drugs, often accompanied by 
police officer/expert witness testimony, can show an intent to deliver, such as 
over a thousand grams of cocaine, or twenty-three thousand narcotic capsules,[2] such amounts are not involved here. Further, there is no 
evidence that Hillman possessed an excessive amount of cash; that the drugs were 
packaged in a manner indicating intent to sell; that Hillman possessed any 
baggies, scales, or other items used in sales or transactions involving drugs; 
that Hillman was arrested in an area known for drug sales; that Hillman had any 
weapons in the car; or that Hillman tried to evade the police.
        Because 
we conclude the evidence is factually insufficient to support appellant’s 
conviction, we reverse the trial court’s judgment and remand this case for a 
new trial. See Clewis, 922 S.W.2d at 133-34.
VI. Conclusion
        Having 
sustained Hillman’s point three, we reverse the judgment of the trial court 
and remand for new trial.

  
                                                                  BOB 
MCCOY
                                                                  JUSTICE

PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 8, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Morrow v. State, 757 S.W.2d 484 (Tex. App.—Houston [1st 
Dist.] 1988, pet. ref’d), cert. denied, 493 U.S. 921 (1989) (over three 
thousand grams of cocaine); Pitts v. State, 731 S.W.2d 687, 688 (Tex. 
App.—Houston [1st Dist.] 1987, pet. ref’d) (one thousand twenty 
five grams of cocaine); Hurtado v. State, 722 S.W.2d 184, 186 (Tex. 
App.—Houston [14th Dist.] 1986, pet. ref’d) (one thousand grams 
of cocaine); Vasquez v. State, 699 S.W.2d 294, 296 (Tex. App.—Houston 
[14th Dist.] 1985, no pet.) (over twenty three thousand capsules of 
mandrax).