PAUL EDWARD HILLMAN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-171-CR

PAUL EDWARD HILLMAN APPELLANT

A/K/A PAUL E. HILLMAN

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In three points, appellant Paul Edward Hillman a/k/a Paul E. Hillman challenges his felony conviction for possession of a controlled substance  with intent to deliver.  In point one, Hillman complains the trial court erred in denying his motion to suppress evidence, and in points two and three, he complains that the evidence was legally and factually insufficient to prove intent to deliver.  We reverse and remand for a new trial.

II. Factual and Procedural Background

On the evening of July 16, 2002, North Richland Hills Police Officer Timothy Hennessy, operating a stationary radar on the westbound access road of Loop 820, observed a red 1982 Mazda traveling fifty-four miles an hour in a thirty-five miles per hour zone.  Following a traffic stop, Officer Hennessy determined that the driver of the vehicle, Hillman, had outstanding traffic warrants from Haltom City.  Hillman was arrested at the scene on the basis of the warrants and for the failure to maintain financial responsibility.  Following a pat-down search, Hillman was handcuffed and placed in the rear of the officer’s patrol car for the purpose of transporting him to jail.  Hillman had no weapon, a small amount of cash, no beeper or cell phone, and no drug paraphernalia in his possession.  The Mazda was registered in Hillman’s name and showed that he had purchased the car for $495 about three months before the traffic stop.  Officer Hennessy next performed a search of the vehicle incident to the arrest, and while attempting to open the console, noticed that the console was loose because only one screw was holding the console to the floor board—other screws had been removed.  Lifting the console away from the floor board, Officer Hennessy discovered two plastic baggies, one containing a white rock-like substance and the other a brown powder-type substance.  The officer believed the baggies contained illegal narcotics.  A subsequent analysis of the contents of the two plastic bags revealed that they contained .29 grams and 7.21 grams of methamphetamine, both amounts including adulterants or dilutants.

The State went to trial on an indictment of possession of a controlled substance, methamphetamine, of four grams or more but less than two hundred grams, with intent to deliver.  The jury trial resulted in a guilty verdict and a court-ordered sentence of twenty years in the Institutional Division of the Texas Department of Criminal Justice.  

III. Motion to Suppress

In point one, Hillman complains the trial court erred in failing to grant his motion to suppress evidence of the methamphetamine because there was no warrant to search his vehicle.  We need not address the merits of Hillman’s first issue because it has been waived. 
 It is well-settled that when a pretrial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error. 
 Williams v. State
, 834 S.W.2d 502, 507 (Tex. App.—Fort Worth 1992, pet. ref’d.).  However, when the accused affirmatively asserts during trial that he has “no objection” to the admission of the evidence complained of, he waives any error in the admission of the evidence.  
See Jones v. State
, 962 S.W.2d 158, 167 (Tex. App.—Fort Worth 1998, no pet.)

In this case, defense counsel filed a motion to suppress asking the court to suppress the methamphetamine seized from Hillman at the time of his arrest.  After a hearing, the trial court denied Hillman’s motion.  During the guilt/innocence phase of the trial, Hillman’s counsel affirmatively stated that he had “no objection” to the introduction of State’s exhibits #1 and #2 (the methamphetamine) into evidence before the jury.  Thus, Hillman waived his right to complain on appeal about its admissibility. 
 See id
.  Therefore, we overrule Hillman’s first issue.
 

IV. Legal and Factual Insufficiency

In points two and three, Hillman challenges the legal and factual sufficiency of the evidence to support the finding of “intent to deliver.”  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).
  Rather, the verdict must stand unless it is irrational or unsupported by more than a “mere modicum” of the evidence.  
See Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991); 
Moreno v. State
, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).  When faced with conflicting inferences, a reviewing court must presume that the trier of fact resolved any such conflict in favor of the prosecution and must defer to that resolution.  
See Turro v. State
, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993); 
Matson
, 819 S.W.2d at 846.  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden
, 55 S.W.3d at 613; 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis
, 922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

V. Analysis and Application to Evidence Presented

The courts have found many "circumstances of possession" from which a jury may infer an intent to deliver.  Among those are the following:  (1) quantity of drug possessed; 
(2) presence of a large amount of cash;
 
(3) manner of packaging;
 
(4) location of arrest;
 (5) whether defendant is a drug user; (6) presence of drug use paraphernalia; 
(7) presence of drug sale paraphernalia; (8) whether defendant was found inside a "crack" or "trap" house; 
(9) presence of weapons in close proximity; (10) whether defendant attempted to flee; and (11) evidence of drug transactions. 
 Taylor v. State
, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.)
; Hernandez v. State
, 13 S.W.3d 492, 501 (Tex. App.—Amarillo 2000), 
rev’d on other grounds
, 60 S.W.3d 106 (Tex. Crim. App. 2001)
; Williams v. State
, 902 S.W.2d 505, 507 (Tex. App.—Houston [1
st
] 1994, pet. ref’d);
 Castillo v. State
, 867 S.W.2d 817, 821 (Tex. App.—Dallas 1993), 
vacated
, 913 S.W.2d 529 (Tex. Crim. App. 1995)
;
 
Gabriel v. State
, 842 S.W.2d 328, 331-32 (Tex. App.—Dallas 1992), 
aff'd
, 900 S.W.2d 721 (Tex. Crim. App. 1995)
.

Further, "[i]ntent to deliver is a question of fact for the jury to resolve, and it may be inferred from the acts, words, or conduct of the accused."  
Taylor
, 106 S.W.3d at 831 (citing 
Avila v. State
, 15 S.W.3d 568, 573 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.)).

The State asserts that “the circumstances surrounding appellant’s possession of the methamphetamine, along with expert testimony, provide legally and factually sufficient evidence that appellant intended to deliver it.”  That evidence is as follows:

(1) Although appellant was arrested driving a car valued at approximately $495.00 and he had no liability insurance, he possessed methamphetamine valued at $700.00.

(2) Appellant possessed 7.5 grams of methamphetamine. There was enough methamphetamine for approximately 70 “hits.”  The State’s expert testified that it would be unusual for an individual user to have 7.5 grams of methamphetamine. 

(3) The methamphetamine was hidden under the console of the car. The State’s expert testified that drug dealers commonly loosen screws or make other alterations to vehicles to create hiding spots to carry drugs; in contrast, drug users typically carry drugs on their person or in a purse and do not create such hiding places.

From the standpoint of legal sufficiency, we agree that the evidence presented is more than a “mere modicum“ and passes legal sufficiency muster.  However, from a factual sufficiency standpoint, and considering the factors and evidence showing an “intent to deliver,” the evidence presented by the State is “so obviously weak as to undermine confidence in the verdict” and does not pass factual sufficiency muster.  While the evidence of the amount of drugs Hillman possessed and the location and manner in which he hid them constitutes some evidence of intent to deliver, there is no evidence of any other circumstances tending to prove intent.  
While a large amount of drugs, often accompanied by police officer/expert witness testimony, can show an intent to deliver, such as over a thousand grams of cocaine, or twenty-three thousand narcotic capsules,
(footnote: 2) such amounts are not involved here.
  Further, there is no evidence that Hillman possessed an excessive amount of cash; that the drugs were packaged in a manner indicating intent to sell; that Hillman possessed any baggies, scales, or other items used in sales or transactions involving drugs; that Hillman was arrested in an area known for drug sales; that Hillman had any weapons in the car; or that Hillman tried to evade the police.

Because we conclude the evidence is factually insufficient to support appellant’s conviction, we reverse the trial court’s judgment and remand this case for a new trial.  
See Clewis
, 922 S.W.2d at 133-34.

VI. Conclusion

Having sustained Hillman’s point three, we reverse the judgment of the trial court and remand for new trial.

BOB MCCOY

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 8, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Morrow v. State
, 757 S.W.2d 484 (Tex. App.—Houston [1
st
 Dist.] 1988, pet. ref’d)
, cert. denied,
 493 U.S. 921 (1989) (over three thousand grams of cocaine); 
Pitts v. State
, 731 S.W.2d 687, 688 (Tex. App.—Houston [1
st
 Dist.] 1987, pet. ref’d) (one thousand twenty five grams of cocaine); 
Hurtado v. State
, 722 S.W.2d 184, 186 (Tex. App.—Houston [14
th
 Dist.] 1986, pet. ref’d) (one thousand grams of cocaine); 
Vasquez v. State
, 699 S.W.2d 294, 296 (Tex. App.—Houston [14
th
 Dist.] 1985, no pet.) (over twenty three thousand capsules of mandrax)
.