Opinion filed August 5,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00098-CR 

                                                    __________

 

                                ADAM
THOMAS HOOD, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 355th District Court

 

                                                             Hood
County, Texas

 

                                                   Trial
Court Cause No. CR10984

 



 

M
E M O R A N D U M   O P I N I O N

The
jury convicted Adam Thomas Hood of possession of less than one gram of
methamphetamine and assessed his punishment at twenty-four months confinement
and a fine of $5,000.  We affirm.

I. 
 Background Facts

Deputy
James Luckie of the Hood County Sheriff’s Office observed a blue pickup parked
partially in the roadway.  Deputy Luckie was concerned that the pickup posed a
traffic hazard, and he stopped to find the vehicle’s owner.  A woman that he
recognized approached and told him that the pickup belonged to her friend “Adam”
and that “Adam” and her husband were in the house in front of which the pickup
was parked.  Deputy Luckie knew the woman’s husband had an outstanding warrant. 
He called for backup and then went into the residence to arrest him.  A second
individual was inside, and he identified himself as Adam Hood.  A computer
check revealed that Hood also had an outstanding warrant, and Deputy Luckie
arrested him too.

 Hood
told Deputy Luckie that the pickup belonged to him, and he consented to a search
of it.  Deputy Luckie found a backpack with clothing and other articles.  While
searching the clothing, he found a syringe and a hypodermic needle.  The
syringe appeared to be used and to contain a small amount of some substance.  Deputy
Luckie was concerned that the syringe was drug paraphernalia, and he seized it and
sent it to the drug lab for testing.  William L. Todsen, the forensic scientist
responsible for testing the syringe, testified that he did not observe visible
residue but that a chemical test revealed that the syringe contained a trace
amount of methamphetamine.

II.  Issues

Hood
challenges his conviction by contending that the trial court erred when it admitted
evidence of extraneous acts and that legally insufficient evidence supports his
conviction.

III.  Character Evidence

Hood
argues that the trial court erred by admitting evidence during the
guilt/innocence phase that he missed two scheduled urinalysis screenings as
conditioned by his bond.  We review a trial court’s decision to admit evidence
under an abuse of discretion standard.  Allen v. State, 108 S.W.3d 281,
284 (Tex. Crim. App. 2003).  We will uphold the trial court’s decision if its
ruling falls within the zone of reasonable disagreement.  Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).  If the evidence is
admissible for any purpose, the trial court’s decision to admit it does not
constitute error regardless of the reason given by the trial court for its
decision.  Sewell v. State, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982).

Evidence
of other crimes, wrongs, or acts is not admissible to prove that a person acted
in conformity with his character.  Tex.
R. Evid. 404(b).  However,
extraneous offense evidence may be admissible if relevant for other purposes,
such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident.  Id.; Powell v. State,
63 S.W.3d 435, 438 (Tex. Crim. App. 2001) (evidence of a person’s bad
character, as evidenced by another crime, wrong, or act, may be admissible when
it is relevant to a noncharacter conformity fact of consequence in the case).  Evidence
is relevant if it has the tendency to make the existence of a fact more or less
probable than it would have been absent the evidence.  Tex. R. Evid.
401.    

The
State argues that Hood’s failure to show for two drug tests was admissible as
consciousness of guilt, and it analogizes this to evidence of flight.  It is
well settled that evidence of flight or escape may be admissible to establish
guilt, subject only to the requirement of relevancy to the offense under
prosecution.  See Bigby v. State, 892, S.W.2d 864, 883 (Tex. Crim. App.
1994).  When a defendant challenges the relevancy of flight evidence, he must
affirmatively show that the flight was directly connected to some other
transaction and not the offense at trial.  Lee v. State, 176 S.W.3d 452,
462 (Tex. App.—Houston [1st Dist.] 2004), aff’d, 206 S.W.3d 620 (Tex.
Crim. App. 2006).

Consciousness
of guilt has been described as “acts that are designed to reduce the likelihood
of prosecution, conviction, or incarceration for the offense on trial.”  Ransom
v. State, 920 S.W.2d 288, 299 (Tex. Crim. App. 1994).  The logical
inference from Hood’s failure to appear is that he was concerned about passing
the tests because of recent drug use.  Even though Hood’s conduct can be viewed
as avoidance behavior, it is not behavior aimed at avoiding a conviction for this
possession charge.  It is, instead, an attempt to avoid being charged with a
new offense.  Obviously, there is a connection between the drug tests and the
possession charge because a failed or missed drug test would have impact on
Hood’s bail and, thus, where Hood awaited trial; but not taking a drug test did
not reduce the likelihood of prosecution, conviction, or incarceration for
possession.  Hood’s failure to appear for two drug tests is not admissible as
consciousness of guilt.

The
State next argues that the evidence was admissible to prove that Hood
intentionally or knowingly possessed the methamphetamine, and it cites Powell
v. State, 5 S.W.3d 369 (Tex. App.—Texarkana 1999, pet. ref’d), in support
of this proposition.  In Powell, the defendant was charged with
possession of cocaine with intent to deliver.  He was originally arrested
following a traffic stop and search of his car that revealed narcotics.  Id.
at 374.  While on bond, Powell was stopped for a traffic violation and, after a
search of his car, was arrested a second time for possession of a controlled
substance.  Id. at 382.  The Texarkana court held that this subsequent
arrest was admissible because evidence that Powell was traveling on the same
highway with multiple bags of cocaine only a few weeks after his first arrest
made it more probable that he intended to deliver the cocaine found in his car
during the first arrest.  Id. at 383.  

The
Texarkana court’s analysis of relevancy focused on the State’s obligation to prove
intent.  The State argues that, because it was required to prove that Hood
knowingly or intentionally possessed the methamphetamine in the syringe, a
similar result should follow in this case.  The concern this analysis causes is
that it would significantly reduce, if not reverse, Rule 404(b)’s general
prohibition on the introduction of extraneous acts evidence in possession cases
because evidence that a defendant has used or possessed drugs on another
occasion would always be admissible to prove intent in the charged offense. 
The Texarkana court’s analysis was not so broad.  The court noted the
substantial similarity between the two arrests, and it cited Hurtado v.
State, 722 S.W.2d 184 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d), a
case involving two arrests within four days for possession of cocaine that were
similar in amount and that were sent to the same location, in support of its
holding.  Id. at 188.  The same similarity between the charged offense
and the missed tests is not present in this case.  Thus, Hood’s failure to
appear was not admissible to prove intent. 

Finally,
the State argues that the evidence was admissible to rebut a false impression
about Hood’s credibility.  Hood testified that he was driving the pickup under
a test-drive agreement.  He acknowledged that the backpack Deputy Luckie
searched was his and that it was in the bed of the pickup.  He denied that the
syringe or the pants in which it was found were his, claiming that the pants
belonged to an ex-employee.  The State contends that this testimony left the
jury with the false impression that Hood was not knowledgeable about drug use
or paraphernalia.  We disagree.  This was not the type of testimony – such as
“I have never …” – that would have opened the door to contradictory evidence.  

The
trial court abused its discretion when it allowed the State to introduce
evidence that Hood failed to appear for two drug tests.  We conduct a harm
analysis in light of the whole record.  Rich v. State, 160 S.W.3d 575,
577 (Tex. Crim. App. 2005).  Because the erroneous admission of evidence is
nonconsitutional error, we disregard such error unless it affects an
appellant’s substantial rights.  Tex. R.
App. P. 44.2(b); Rich, 160 S.W.3d at 577.  A substantial right is
one that has a substantial and injurious effect or influence in determining the
jury’s verdict.  Rich, 160 S.W.3d at 577.  A substantial right is not
affected by the erroneous admission of evidence if, after examination of the
record as a whole, the reviewing court has a fair assurance that the error did
not influence the jury or had but a slight effect.  Solomon v. State, 49
S.W.3d 356, 365 (Tex. Crim. App. 2001).  In assessing the likelihood that the
jury’s decision was adversely affected, the appellate court should consider
everything in the record, including any testimony or physical evidence admitted
for the jury’s consideration, the nature of the evidence supporting the verdict,
and the character of the alleged error and how it might be considered in
connection with other evidence in the case.  Motilla v. State, 78 S.W.3d
352, 355 (Tex. Crim. App. 2002).  

The
trial court’s error did not affect Hood’s substantial rights.  The testimony
was brief.  Hood testified on his own behalf, and during cross-examination, the
State initially asked him only a single question: “So twice – twice you haven’t
shown up for urinalyses tests while you’ve been on bond for this case?”  Hood
agreed and, on redirect, explained that he missed one test because he was
working in East Texas during a hurricane.  The State then pointed out that this
did not excuse his second absence, and Hood responded that he “was just trying
not to get fired from [his] job.”  There was no further reference to the tests
during the trial, and the State did not mention them during its closing
argument.  When the State argued credibility, it instead criticized the
plausibility of Hood’s story and reminded the jury that Hood had two prior
convictions for theft.  The evidence was brief and was not emphasized by the
State.  Hood had a prior criminal record, and as detailed further in the
discussion of the sufficiency of the evidence, there was direct evidence
connecting Hood with the syringe.  Therefore, the error was harmless.  Issue
One is overruled.

IV.   Sufficiency of the Evidence

Hood
contends in his second issue that the evidence supporting his conviction is
legally insufficient.  When the sufficiency of the evidence is challenged, we
review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim.
App. 2000).  

To
prove unlawful possession of a controlled substance, the State must prove that
Hood exercised control, management, or care over the substance and that he knew
the substance was contraband.  Pointdexter v. State, 153 S.W.3d 402, 405
(Tex. Crim. App. 2005).  There is no requirement that the defendant possess a
visible or usable quantity of a controlled substance to support a conviction.  See
Muckleroy v. State, 206 S.W.3d 746, 748 (Tex. App.—Texarkana 2006, pet.
ref’d).  But when the defendant possesses a trace amount, the State must prove
through evidence, other than mere possession, that the defendant had knowledge
that the substance was contraband.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995). 

            Hood
does not dispute that he had custody and control of the pickup and backpack or
that the syringe was found in the pocket of a pair of pants in his backpack. 
Instead, he contended that the pants belonged to a former employee who had
changed clothes and put his pants in Hood’s backpack.  The pants, however, also
had several paycheck stubs made out to Hood.  Hood explained this by testifying
that he had given them to his former employee to make copies.  The jury was
free to disbelieve the testimony of any of the witnesses.  It could rationally
determine that Hood’s explanation for the presence of the pants was implausible
and that they were, in fact, his pants.  The jury could also consider the lack
of any other explanation for the syringe’s presence, such as a medicine
container, and conclude that Hood intentionally or knowingly possessed
methamphetamine.  Hood’s second issue is overruled.

V.  Conclusion

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

August 5, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.