Jesse Trevino CANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–677–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 14, 1993.

William Patterson, Pasadena, for appellant.

John D. "Jack" Whitlow, Dist. Atty., Port Lavaca, for appellee.

Before NYE, C.J. and KENNEDY and GILBERTO HINOJOSA, JJ.

OPINION

NYE, Chief Justice.

Appellant, Jesse Trevino Cano, pleaded guilty to the offense of possession of a controlled substance (cocaine). The plea bargain called for ten years in prison, plus a $500 fine. By four points of error, he complains that the trial court erred in denying his Motion to Withdraw the Plea and that it did not admonish him on all of the statutory requirements of art. 26.13 of the Texas Code of Criminal Procedure. We affirm.

By points one, two, and four, appellant complains that the trial court erred in denying his "DEFENDANT'S MOTION TO WITHDRAW PLEA." On appeal, he contends that the trial court erred in not allowing him to withdraw his guilty plea because: 1) he had relied on his counsel's advice and believed that the State's recommendation was eight years in prison, instead of ten years in prison; 2) the proceedings scared him, and he did not fully com-

prehend what was happening; 3) he believed that he could withdraw his plea at any time before he was formally sentenced; and 4) the Motion to Withdraw the Plea acted as a revocation of his jury waiver.

On October 7, 1991, appellant entered his guilty plea. The trial court took the matter under advisement and reset the case for November 4, 1991. Appellant filed his Motion to Withdraw the Plea on November 4, and when the trial court reconvened that day, it heard evidence on the motion. Appellant was the sole witness at the hearing. He testified, in relevant part, as follows:

> DEFENSE COUNSEL: I guess what I'm trying to find out, Mr. Cano, when the Judge was talking to you, were you comprehending what he was saying?
>
> APPELLANT: I was, I was up there and I was listening, I was hearing what he was saying, but I wasn't, you know, I was thinking that it could be changed. I was thinking that I could come back in 30 days and, you know, change my plea.

Appellant also testified that he was afraid of the proceedings and that his counsel, Fred Turner, informed him that according to the plea bargain, he would receive eight years in prison. Appellant further testified that he now wanted a jury trial.

However, the record shows that at the October 7 hearing, the following exchange had occurred:

> THE COURT: What will the State's recommendation be?
>
> MR. WHITLOW: Your Honor, the State recommends ten years in the Institutional Division of the Texas Department of Criminal Justice, a fine of $500 and restitution in this case.
>
> . . . . .
>
> THE COURT: All right. Mr. Cano, is that the recommendation you were expecting?
>
> THE DEFENDANT: Yes, sir.

Also at the October 7 hearing, appellant informed the trial court that he understood the accusations in the indictment, that he understood the punishment range, that he had not been threatened in any way to enter a guilty plea, and that he was entering his guilty plea freely and voluntarily. Appellant's counsel advised the trial court that appellant had a factual and rational understanding of the proceedings against him and that appellant was able to assist him in the preparation for trial.

Further, the transcript includes a document entitled "PLEA MEMORANDUM" which stated, in relevant part, that "the defendant ... would show that the Court has made the admonishments required by Article 26.13 of the Texas Code of Criminal Procedure[1] in writing as set out on Exhibit A attached hereto, and that the defendant *understands* the admonitions...." (emphasis ours). The trial court received the Plea Memorandum, and appellant and his attorney signed it.

 A liberal practice prevails in Texas concerning the withdrawal of a guilty plea, and a defendant may withdraw his guilty plea as a matter of right without assigning reason until the judgment has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Crim.App.1979); *Milligan v. State*, 324 S.W.2d 864, 865 (Tex.Crim.App.1959). When the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of the plea is within the trial court's sound discretion. *Jackson*, 590 S.W.2d at 515; *Hayden v. State*, 818 S.W.2d 194, 197 (Tex.App.—Corpus Christi 1991, no pet.).

 In this case, appellant's decision to withdraw his guilty plea came almost four weeks after the trial court had taken the matter under advisement. Under similar circumstances in *Jackson v. State, supra,* the Court of Criminal Appeals held that the defendant's request to withdraw his guilty plea six weeks after the trial court had taken the case under advisement came too

---

1. Article 26.13(d) provides:

 The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea.

late, despite the fact that punishment had not been assessed, and that the court did not abuse its discretion in refusing to allow the defendant to withdraw his plea.

Appellant also argues that his Motion to Withdraw the Plea operated to revoke his previously entered jury waiver. Appellant's jury waiver was contained in the Plea Memorandum as follows: "In accordance with Art. 1.13 C.C.P., in open Court, and joined by my attorney and counsel for the State, and with the consent and approval of the Court, I waive and give up any right to a jury trial in this case." After the trial court received the Plea Memorandum, appellant entered his guilty plea. To hold that appellant's Motion to Withdraw the Plea (filed after the trial court had taken the case under advisement) revoked his earlier-filed jury waiver, would remove the decision whether to allow the withdrawal of a guilty plea from the trial court's sound discretion. *See Jackson,* 590 S.W.2d at 515; *see also Wilson v. State,* 698 S.W.2d 145, 147 (Tex.Crim.App.1985).[2]

We therefore hold that appellant's request to withdraw his guilty plea which was made almost four weeks after the trial court had taken the case under advisement came too late, despite the fact that punishment had not been assessed. We find no abuse of discretion in this case. *See Jackson,* 590 S.W.2d at 515; *see also Milligan,* 324 S.W.2d at 865.

By point three, appellant complains that the trial court did not admonish him on all the statutory requirements of art. 26.13 of the Texas Code of Criminal Procedure. Appellant's complaint is that the trial court did not admonish him that the State's recommendation was not binding and that if it did not follow the recommendation, then he could withdraw his guilty plea. Even though the trial court did not give this particular admonishment to appellant in open court, the Plea Memorandum gave appellant this admonishment pursuant to art. 26.13(d).

We overrule all of appellant's points of error and AFFIRM the trial court's judgment.

2. In *Wilson,* the Court of Criminal Appeals stated that in *Fairfield v. State,* 610 S.W.2d 771 (Tex.Crim.App.1981), it did not hold that a defendant's expressed desire to withdraw a guilty plea and enter a plea of not guilty acted as a revocation of a jury-trial waiver.