NO. 07-05-0092-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 30, 2005
_____

SABRINA E. CYPHERS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-404,739; HON. JIM B. DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Sabrina E. Cyphers appeals from a judgment convicting her of possessing, with the intent to deliver, more than four but less than 200 grams of cocaine. The conviction was founded upon her open plea of guilty. The two issues before us concern the trial court's refusal to allow her to withdraw her plea and the admission into evidence (during the punishment phase of the trial) of an exhibit containing seven plus grams of cocaine. We affirm the judgment.

*Issue One – Withdrawal of Plea*

Appellant initially contends that the trial court erred in refusing to allow her to withdraw her plea. The request was made through appellant's *pro se* letter to the court. Furthermore, the letter was sent approximately two months after appellant pled guilty and the trial court accepted the plea. We overrule the issue.

A defendant may withdraw his plea of guilty as a matter of right until judgment is pronounced or the case is taken under advisement. *Mendez v. State,* 138 S.W.3d 334, 345 (Tex. Crim. App. 2004). Once the cause is taken under advisement, however, the decision to permit the withdrawal of the plea lies within the trial court's discretion. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Stone v. State,* 951 S.W.2d 205, 206-07 (Tex. App.–Houston [14th Dist.] 1997, no pet.). Furthermore, the request must be timely. If belated, then it is not an abuse of discretion to deny it. *See Jackson v. State,* 590 S.W.2d at 515 (stating that the request to withdraw the plea was untimely when it was made six weeks after the matter had been taken under advisement); *Cano v. State,* 846 S.W.2d 525, 527 (Tex. App.–Corpus Christi 1993, no pet.) (holding that the request to withdraw the defendant's plea made almost four weeks after the case was taken under advisement came too late).

Appellant does not dispute that the cause had been taken under advisement when she sought to withdraw her plea. Consequently, the decision to grant or deny the request lay in the trial court's discretion. And, given appellant's two-month delay in making the request, the trial court did not abuse its discretion in denying it.

*Issue Two – Admissibility of Exhibit*

2

Next, appellant contends that the trial court erred in admitting into evidence, during the punishment phase, State's Exhibit 1(b). It consisted of over seven grams of cocaine found in a search of appellant's residence. Appellant believed the exhibit to be inadmissible because the State failed to prove the requisite chain of custody. Furthermore, it allegedly did so by neglecting to have the officer who acquired the cocaine at appellant's home identify it. We overrule the issue.

Texas Rule of Evidence 901(a) states that the requirement of authentication or identification "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." And, this can be done through "testimony that a matter is what it is claimed to be." TEX. R. EVID. 901(b)(1).

The record before us illustrates that the officer who originally found or seized the cocaine at issue did not testify or otherwise authenticate the substance prior to its admission into evidence. Nonetheless, the officer who conducted the initial buy from appellant at her home, who acquired 2.6 ounces of the same substance from her, and whose purchase culminated in the search of the location did testify. Furthermore, when asked if he recognized both the 2.6 ounces he acquired (State's Exhibit 1(a)) as well as the seven comprising Exhibit 1(b), he replied:

> I had packaged the narcotics. It was the crack cocaine that I had purchased and that was also found later after the search of the residence had been conducted.

3

Then, he stated that he forwarded the exhibits "to the DPS laboratory" for analysis.[1]  No one objected to this testimony; thus, it was admissible for all purposes.  *See Poindexter v. State,* 153 S.W.3d 402, 406-07 (Tex. Crim. App. 2005).  Given this uncontradicted testimony, evidence appears of record sufficient to support a finding that the contents of Exhibit 1(b) were what its proponents claimed it to be, *i.e.* cocaine within the possession of appellant.  Thus, we find no error in the admission of the exhibit.

Having overruled each issue, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.

---

[1] The State mistakenly argues that the officer said he "received the crack cocaine from an officer while at the Appellant's residence."  Indeed, his testimony was that he left with only the 2.6 ounces he personally acquired from appellant.