**Opinion filed January 30, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00016-CR

_____

## DOROTHY SEIDEL HALL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CR04568**

## O P I N I O N

The trial court convicted Appellant, Dorothy Seidel Hall, of the offense of murder and assessed her punishment at confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West Supp. 2025). In her sole issue on appeal, Appellant asserts that she did not "expressly voluntarily, knowingly, and intelligently waive her Sixth Amendment right to a jury trial." We affirm.

*Background Facts*

On the night of December 1, 2020, Appellant called the Comanche County Sheriff's Office to request a "close patrol" at her residence because she had received messages that concerned her from Larry Hall, her "soon to be ex-husband." Shortly after midnight a deputy went by the residence, and Appellant came outside and informed him that Hall was there but that everything was fine. The deputy left the residence. At 1:52 a.m., the same deputy received a call that there was a shooting at Appellant's residence. He returned to the residence and saw a man covered in blood with no signs of life. Appellant told the deputy that she and Hall began to argue and that she got frightened and shot him.

Appellant was subsequently indicted for Hall's murder, and she retained counsel to represent her. A jury trial was set for September 11, 2023. Prior to that trial date, Appellant and the State negotiated a plea agreement. On September 7, 2023, Appellant appeared in open court with her attorneys to present her jury trial waiver to the trial court. At the outset of this brief hearing, the trial court informed Appellant: "[W]e are scheduled for jury trial next Monday, and we have everybody ready to go and organized to move forward on a jury trial; but again, my understanding is that you signed a waiver of that jury; is that correct?" Appellant replied in the affirmative to the trial court's question, and she indicated that her attorneys had explained her right to a jury trial and the effect of her waiver.

The trial court informed Appellant that her waiver of a jury trial was irrevocable unless the trial court did not follow the plea agreement. Appellant indicated that she wished to move forward and waive a jury trial. The trial court then "accept[ed]" Appellant's waiver of her right to a jury trial. Presumably, the trial court released the jurors called for duty on September 11 for Appellant's jury trial based upon her September 7 jury trial waiver.

On September 11, 2023, the trial court called the case, announcing to Appellant that "the purpose of today's proceeding is to move forward on a plea agreement that you have reached with the State of Texas." Appellant informed the trial court that she had "fired" her attorneys, and that she did not want to "take a plea." She explained that her retained counsel pressured her to enter into the plea agreement.[1] In that regard, Appellant stated that she has "been intimidated by men" during her life.

The trial court granted Appellant's request to terminate her attorneys. The trial court also advised Appellant that she had "signed and swore to a waiver of jury trial," and that it had advised her that it was "not revokable." At the conclusion of the hearing, the trial court advised Appellant that the case would be set for a bench trial in January.[2]

The case proceeded to a bench trial on January 17, 2024. At no time did Appellant object to the trial being to the court. The trial court found Appellant guilty of murder as charged in the indictment. The trial court subsequently sentenced Appellant to confinement for thirty years.

Appellant filed a motion for new trial. At the hearing on the motion for new trial, Appellant's appellate counsel called her trial counsel as a witness. Appellant's trial counsel explained that the fact that the trial was a bench trial affected her trial strategy with respect to objections and trial presentation. Additionally, Appellant's appellate counsel asked trial counsel the following question: "[Y]ou said that [Appellant's] prior counsel waived a jury. Did [Appellant] ever express an interest in changing her mind and then having a jury, asking the judge to actually allow her

---

[1]At the September 11 hearing, the trial court discussed the terms of the plea agreement. Appellant would plead guilty to the lesser included offense of manslaughter for a sentence of confinement for twenty years, and there would not be a deadly weapon finding, which would lessen the minimum time Appellant would have to serve in prison before being eligible for parole.

[2]On October 17, 2023, the trial court appointed new counsel for Appellant.

to have a jury after that?"  Appellant's trial counsel replied: "Actually, we discussed whether or not a jury in Comanche County would be better or whether the bench trial was going to be better, and we came to a mutual decision that it was probably in her best interest to leave it with a bench trial."  In her own testimony at the hearing on the motion for new trial, Appellant agreed with her trial counsel's testimony that they discussed having a bench trial versus having a jury trial, and that they decided, and she agreed, that a bench trial "was probably [Appellant's] best bet in this circumstance."

*Analysis*

In her sole issue, Appellant asserts that she did not expressly, voluntarily, knowingly, and intelligently waive her Sixth Amendment right to a jury trial.  Her complaint on appeal is multifaceted.  She initially asserts that her jury trial waiver was not voluntary because she was intimidated by her attorneys to sign it as a part of the plea agreement.  Appellant additionally contends that her jury trial waiver was invalid because it was contingent upon the entry of a plea of guilty on September 11 and that she effectively withdrew her jury trial waiver when she withdrew her agreement to plead guilty.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."  U.S. CONST. amend. VI.  "The right of trial by jury shall remain inviolate."  TEX. CONST. art. I, § 15; TEX. CODE CRIM. PROC. ANN. art. 1.12 (West 2005).  Therefore, a defendant in a criminal prosecution has an absolute right to a trial by jury.  *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009).  However, a defendant may waive that right.  *See* CRIM. PROC. art. 1.14(a); *Sanchez v. State*, 630 S.W.3d 88, 94 (Tex. Crim. App. 2021).  The record must show that a defendant's jury trial waiver is "express, knowing, and intelligent" in order to comply with constitutional requirements.  *Hobbs*, 298 S.W.3d at 197. "[B]y statute, a waiver must also 'be made in person by the defendant in writing in

4

open court with the consent and approval of the court, and the attorney representing the state.'" *Sanchez*, 630 S.W.3d at 94 (quoting CRIM PROC. art. 1.13(a) (West Supp. 2005)).

"The right to a jury trial is a waivable-only right." *Rios v. State*, 665 S.W.3d 467, 477 (Tex. Crim. App. 2022). As such, an "[a]ppellant can argue for the first time on direct appeal that he was denied his federal constitutional right to a jury trial and that the procedures required by Article 1.13(a) for waiving a jury were violated notwithstanding his failure to object at trial." *Id.* Further, a violation of the federal constitutional right to a jury trial is structural error that is not subject to harmless-error analysis. *Id.* at 485–86. "[O]nce the defendant *validly* waives his right to a jury trial, he does not have an unfettered right to reassert that right." *Hobbs*, 298 S.W.3d at 197 (emphasis added).

*Did Appellant Enter an Express, Knowing, Voluntary, and Intelligent Jury Trial Waiver?*

Appellant makes a constitutional argument that she did not expressly, voluntarily, knowingly, or intelligently waive her right to a jury trial. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Rios*, 665 S.W.3d at 479 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A waiver will not be inferred from a silent record, and courts indulge every reasonable presumption against waiver of fundamental constitutional rights. *See id.* at 479.

As noted above, Appellant made an express waiver of her right to a jury trial. To determine whether a jury trial waiver was made knowingly and intelligently, the court in *Rios* set out the following factors:

> whether the defendant knew about his right to a jury and the nature of the right, whether the defendant executed a written jury waiver, whether the trial court admonished the defendant about his right to a jury, the

5

defendant's education and background and legal sophistication, the level of the defendant's involvement in his defense, his ability to understand courtroom discussion regarding waiver of a jury, the words and actions of the defendant, discussions with trial counsel about the right to a jury and representations of trial counsel, what language the defendant understands and the presence of an interpreter if not English, the lack of an objection before or shortly after the bench trial began, and whether there is a docket entry indicating that the defendant expressly waived his right to a jury on the record and that waiver was voluntary, knowing, and intelligent.

665 S.W.3d at 479–82 (internal citations omitted). Whether there is an intelligent, competent, waiver of a jury trial by an accused depends upon the unique circumstances of each case. *Id.* at 479. While a defendant need not understand every nuance of the right to trial by jury before waiving that right, a waiver cannot be knowing and intelligent unless "the record shows that the defendant at least had sufficient awareness of the relevant circumstances and likely consequences of waiving his right to a jury." *Id.* at 482.

Appellant contends that the facts here are analogous to those in *Rios*. In advancing this argument, Appellant contends that she "consistently told her attorneys she wanted a jury trial." However, Appellant does not provide a reference to the appellate record that supports this contention. To the contrary, Appellant testified at the hearing on the motion for new trial that she wanted a bench trial.

The facts in *Rios* are clearly distinguishable from Appellant's case. Rios was a Mexican national and native Spanish speaker. *Id.* at 482. He spoke limited English, did not execute a jury waiver, was not admonished on the record about his right to a jury trial, was not provided an interpreter for the majority of his meetings with his trial counsel, and was not told that the trial judge had informed defense counsel that the court did not want to try the case. *Id.* Based on that record, the Court of Criminal Appeals determined that Rios had not knowingly and intelligently waived his right to a jury trial. *Id.* at 483.

6

Here, the record shows that the trial court admonished Appellant on September 7 concerning her right to a jury trial and specifically informed her that the waiver was irrevocable. Appellant signed the written waiver and there is nothing in the record to indicate that she did not understand the English language. Appellant told the trial court that she understood all of his admonishments and that she wished to move forward with the waiver of a jury trial. Appellant's original trial counsel stated that he and his co-counsel had explained all of Appellant's rights to her and that she fully understood the waiver. The record indicates that Appellant actively participated in her defense because trial counsel informed the trial court that they had met with Appellant multiple times and showed her all of the discovery in the case. Thus, when applying the *Rios* factors, the totality of the record establishes that Appellant made a voluntary, knowing, and intelligent waiver of her constitutional right to a jury and elected to proceed before the trial judge.

*Did Appellant Enter a Valid Jury Trial Waiver?*

Appellant also contends that she never validly waived her right to a jury trial. She bases this contention on the claim that her jury trial waiver never became "active" because she did not enter a guilty plea on September 11. The written jury trial waiver that Appellant signed provided that "[u]pon the entry of my plea in this cause, I hereby waive my right to a jury trial in this proceeding." Irrespective of Appellant's reliance on the prospective language of the written jury trial waiver, the trial court accepted her jury trial waiver on September 7 and in doing so it presumably released the jury that had been called to appear for Appellant's jury trial on September 11.

Appellant contends that "when the trial court allowed [her] to withdraw her plea agreement and waiver, [her jury trial] waiver became void." We first note that the record does not support Appellant's assertion that the trial court permitted her to withdraw her jury trial waiver. In this regard, Appellant never sought to withdraw

7

her jury trial waiver. Instead, the only matter that Appellant sought to withdraw was her plea agreement with the State, a request that the trial court granted.

Appellant contends that her withdrawal of the plea agreement had the effect of rending her jury trial waiver void. She cites *Wilson v. State* in support of this proposition. 698 S.W.2d 145 (Tex. Crim. App. 1985). As set out below, Appellant's reliance on *Wilson* for this proposition is misplaced.

In *Wilson*, the defendant appeared before a magistrate, waived both his arraignment and his right to a jury trial, and entered a plea of nolo contendere. *Id.* at 145. "The State introduced evidence in the form of an Agreement to Stipulate Evidence," and the magistrate found the defendant guilty. *Id.* The case was then set for sentencing before the district court judge, and a presentence investigation report was prepared. *Id.* at 146.

At sentencing, the district court judge refused to accept the defendant's guilty plea because the defendant had claimed innocence during the preparation of the presentence investigation report. *Id.* The defendant appeared again before the district court judge and withdrew his plea of nolo contendere, entered a plea of not guilty, and demanded a jury trial. *Id.* The district court judge denied the defendant's jury trial request, and the case was heard by that court. *Id.*

Appellant argues that, in *Wilson*, the Court of Criminal Appeals held that when the trial court revoked the defendant's guilty plea, the prior jury trial waiver became void. This is a misreading of *Wilson*. In *Wilson*, the Fifth Court of Appeals had held that "a change of a plea to not guilty revoked the prior jury waiver." *Id.* In doing so, the court of appeals relied on *Parker v. State*, 626 S.W.2d 738 (Tex. Crim. App. 1981) and *Fairfield v. State*, 610 S.W.2d 771 (Tex. Crim. App. 1981). *Id.* The Court of Criminal Appeals concluded that the lower court misinterpreted these cases. *Id.* The court clarified: "This Court did not hold, in *Fairfield*, that an expressed

8

desire of a defendant to withdraw a guilty plea and enter a plea of not guilty acted as a revocation of a jury trial waiver." *Id.* at 147.

Thus, the court in *Wilson* held that the defendant's jury waiver was revoked, not because he changed his plea, but because it was "very clear" that the trial court intended to return him to the same status as before his plea of nolo contendere with the right to a jury trial. *Id.*; *see* George E. Dix & John M. Schmolesky, 43 *Texas Practice: Criminal Practice and Procedure* § 40:61 (3d ed. 2025) (Withdrawal on defendant's motion—Consequences of withdrawal) ("Merely requesting to withdraw a plea does not act to revoke a jury waiver.") (citing *Cano v. State*, 846 S.W.2d 525, 527 (Tex. App.—Corpus Christi–Edinburg 1993, no pet.)).[3]

In *Sanchez*, the Court of Criminal Appeals addressed its holding in *Wilson*. *Sanchez*, 630 S.W.3d at 97. In discussing *Wilson*, the court in *Sanchez* noted that "the Court decided, in [*Wilson*], that when a defendant had accepted a plea offer, and he was later permitted to withdraw his guilty plea, the trial court erred in failing to honor *his request for a jury trial*, notwithstanding the prior jury-trial waiver he executed as part of the plea bargain." *Id.* (emphasis added) (citing Dix & Schmolesky, 43 *Texas Practice: Criminal Practice and Procedure* § 40:61 for the following proposition: "If the trial court grants a motion to withdraw a plea of guilty or nolo contendere, a trial court errs in failing to honor the defendant's request for a jury trial."). The Court of Criminal Appeals continued:

> This is not a case, of course, in which the defendant accepted a bargain with the State to plead guilty and then attempted to withdraw from the guilty plea itself. Here, [a]ppellant ultimately did not accept the State's plea offer in the first place. But a defendant who executes a jury waiver in anticipation of a negotiated guilty plea, and then balks at executing the plea and immediately seeks the reinstatement of his right to a jury

---

[3]In *Cano*, the Thirteenth Court of Appeals noted as follows: "In *Wilson*, the Court of Criminal Appeals stated that in [*Fairfield*], it did not hold that a defendant's expressed desire to withdraw a guilty plea and enter a plea of not guilty acted as a revocation of a jury-trial waiver." *Cano*, 846 S.W.2d at 527 n.2. We agree with this reading of *Wilson*.

trial, should be no less entitled to have his wish respected than the defendant who goes through with the guilty plea and only later seeks to withdraw from both the plea itself and the attendant jury-trial waiver. He should be no more bound by his earlier jury-trial waiver than the defendant who accepts but then reneges upon a bargained-for guilty plea, at least not when he immediately makes it clear that he no longer wishes to be bound by the jury-waiver.

*Id.* (emphasis omitted).

The situation described in the foregoing paragraph from *Sanchez* is similar to the facts in this appeal with one critical difference. Here, Appellant negotiated a plea agreement with the State, and as a part of that plea agreement, she signed a jury trial waiver. As such, Appellant signed the jury trial waiver in anticipation of a negotiated guilty plea. *See id.* The trial court accepted Appellant's jury trial waiver in open court on September 7. But on September 11, the date the case was originally set for a jury trial, Appellant balked at proceeding with the plea. But Appellant never sought to withdraw her jury trial waiver. To the contrary, both Appellant and her trial counsel later testified at the hearing on the motion for new trial that Appellant wanted to have a bench trial. Thus, Appellant received what she wanted, a bench trial, irrespective of the fact that she balked at proceeding with the plea agreement.

We conclude that Appellant's withdrawal from the plea agreement did not have the effect of nullifying Appellant's jury trial waiver that she signed, and that the trial court accepted in open court, on September 7. "Merely requesting to withdraw a plea does not act to revoke a jury waiver. . . . [I]n the absence of a [request for a jury trial], the case should continue on a plea of not guilty in a jury waived posture." Dix & Schmolesky, 43 *Texas Practice: Criminal Practice and Procedure* § 40:61; *see Wilson*, 698 S.W.2d at 147. Appellant never informed the trial court that she no longer wanted to be bound by the jury trial waiver. As such, the trial court did not err by proceeding with a bench trial.

We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.



JOHN M. BAILEY

CHIEF JUSTICE


January 30, 2026

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

11